THE BRUNSWICK AND ALBANY RAILROAD COMPANY, plaintiff in error, *vs.* JULIA A. McLAREN, defendant in error.

1. Upon the trial on appeal from the award of arbitrators, of the damages sustained by reason of the location of the right of way of a railroad company, upon the land of appellant, the fact that the Chancellor had ordered all debts against said railroad company reported to an auditor appointed by him, upon a bill filed to marshal the assets of said company, is no ground of continuance, as the appellant's right to damages had first to be ascertained according to the provisions of the charter of the company, before she had any liquidated debt to report to the auditor. (R.)

2. It was error to allow the appellant to show what another railroad company paid to her as damages for running its railroad through her land. (R.)

3. It was error to allow the witnesses for appellant to give their opinions as to the amount of damages she had sustained by the location of the road through her land as a basis for the verdict of the jury. (R.)

4. The testimony of a witness who lived upon a plantation through which another railroad ran as to the damages to that place therefrom was properly excluded. (R.)

Railroad. Right of way. Assessment of damages. Continuance. Opinions. Evidence. Witnesses. Before Judge STROZIER. Dougherty Superior Court. June Term, 1872.

For the facts of this case, see the decision.

HINES & HOBBS; L. P. D. WARREN, for plaintiff in error.

VASON & DAVIS; G. J. WRIGHT, for defendant.

WARNER, Chief Justice.

This case came before the Court below on an appeal from the award of arbitrators, assessing damages for the right of way over the land of the appellant, by the location of the Brunswick and Albany Railroad, under the provisions of its charter. On the trial of the case, the jury found a verdict for the appellant for the sum of $3,750 00. A motion was made for a new trial on the several grounds·specified in the record, which was overruled by the Court, and the railroad company excepted.

There was no error overruling the motion for a continuance on account of Judge Session's order, to have all the debts against said railroad company reported to the auditor, appointed by him on a bill filed to marshal the assets of the Brunswick and Albany Railroad Company. The appellant's right to damages had first to be ascertained according to the provisions of the charter of the company, before she had any liquidated debt or demand against the company to report to the auditor.

The Brunswick and Albany Railroad Company *vs.* McLaren.

In our judgment, it was error to allow the witness, Wright, to prove that the Southwestern Railroad Company paid the appellant $2,500 00 for running its road through her land. What the Southwestern Railroad Company paid the appellant had nothing to do with the question of damages as between the appellant and the Brunswick and Albany Railroad Company. It was also error in allowing the witnesses for the appellant to give their opinions as to the amount of damages which she had sustained by the location and running the railroad through her land, as a basis for the verdict of the jury.

The issues to be tried by the jury were issues of fact. First, did the company locate its road upon the appellant's land, under the provisions of its charter; and second, if it did, how much of the appellant's land was taken for that purpose? What was the actual or relative value of the land so taken, to her, in view of the use and enjoyment of her plantation? In what manner and to what extent did the location and use of the road by the company interfere with her rights of property in and to her plantation, and the free use and enjoyment of it?

These were facts to be proved, as well as the condition of the plantation when the land was taken by the company, interference with growing crops thereon, etc., and when proved then the jury should assess the damages as to the proven value of the land taken by the company for its road, to her, in view of its appropriation by the company, and interference with her rights of property, in and to her plantation. The appellant is entitled to recover the actual proven value of her property which has been taken by the company, including the actual proven value of her right to its use and enjoyment, of which she has been deprived by the location of the company's road through her plantation, and this the jury are to assess from the facts proved in relation to the interference with, and appropriation of her rights of property by the company, and not from the opinions of the witnesses, as to the amount of damages she has sustained. The witnesses should prove the facts which go to establish the injury which she has sustained

by the location and construction of the road through her plantation, and the jury should assess the actual damages sustained by her, resulting from the facts so proved.

The testimony of Bonner, that he lived upon Tift's plantation, near Albany, through which the Southwestern Railroad ran, and had cultivated said place, who was offered to prove what the damages from that road really was to that plantation, was properly ruled out by the Court.

Let the judgment of the Court below be reversed.