McCALLIE & JONES, plaintiffs in error, *vs.* ROBERT WALTON and WM. A. WALTON, assignees of THE AUGUSTA INSURANCE AND BANKING COMPANY, defendants in error.

1. An existing corporation may make an assignment.
2. An assignment, by a corporation, of all its property in trust for all its creditors, with directions to the assignees to proceed, with reasonable and convenient dispatch, to convert the property into money; and, for that purpose, to sell all or a part of the same, in such manner and on such terms as they deem most for the interest of said trust, is not obnoxious to the 13th and 27th of Elizabeth. Unless the intention to hinder or delay creditors clearly appears, an assignment, apparently fair, should not be held obnoxious to those statutes.
3. A judgment obtained subsequent to the assignment, takes no priority in the distribution of the assets.

Equity. Assignment. Tried before Judge GIBSON. Richmond Superior Court. June Term, 1867.

On the 29th of December, 1865, The Augusta Insurance and Banking Company made an assignment of its entire assets to said assignees, " in trust always, that the said Robert Walton, senior, and William A. Walton shall proceed, with reasonable and convenient dispatch, to convert all and singular the real estate and personal assets, hereinbefore conveyed and assigned, into money; and for that purpose, to sell and dispose of any or all of it, in such manner and on such terms as they may deem most for the interest of said trust, and to collect, settle, and, in their discretion, compromise, all debts and claims hereby assigned. And in further trust, that, after converting said assets into money, said Robert Walton, senior, and William A. Walton, shall dispose of the entire proceeds thereof, in the manner following, that is to say :

" First. By paying all reasonable and necessary expenses incurred in the administering of said trust, including a fair and proper commission to be reserved to themselves.

" Second. By dividing the entire net fund, aforesaid, among the creditors of said company, of every sort and description, with no other preference than is, or may be, authorized by law. And, should provision be made by law for winding up·

insolvent banks, and appointing receivers for that purpose, the said Robert Walton, senior, and William A. Walton, or their successors in trust, are hereby authorized to act as such receivers, for the company aforesaid, and to conform to the provisions of any such law, in behalf of said company."

The trust was accepted, and the assets being less than the debts, the assignees filed a bill praying that all creditors should come in and settle according to said assignment. Among these creditors were McCallie & Jones. Said company had insured their stock of goods against loss by fire. It was burnt on the 1st of July, 1861, and on the 7th of April, 1862, they sued the company on the policy, and on the 28th of May, 1866, obtained a verdict and entered judgment against the company for $3,291 74, principal, with interest from July 1st, 1861, and costs.

McCallie & Jones answered the bill, and admitting that the assignment was made, attacked it as void as against them, and contended that if it was not void, then, under it, their judgment should be paid prior to any claim not in judgment and older, or of even date with their judgment.

There was no question of fact between them, and the assignees, and the Court instructed the jury that the assignment was valid, and that McCallie & Jones took no priority over other liquidated demands, and the decree was made according to said instructions.

These instructions McCallie & Jones assign as error.

BARNES & CUMMING, for plaintiffs in error.

W. H. HULL, for defendants in error.

HARRIS, J.

1. By reference to the facts in this case, it appears that the Augusta Insurance and Banking Co., on the 29th December, 1865, made in behalf of all its creditors an assignment to Robert Walton, Sr., and Wm. A. Walton, in *trust*, etc. This corporation at that time existed, and has not been dissolved, either by judgment of forfeiture, or by a surrender of its fran-

McCallie & Jones *vs.* Walton and Walton, assignees.

chises, accepted by the Legislature. What reason then, was there, that it should not, like a natural person, make a fair assignment in trust *for all its creditors?* That it was permissible by the rules of a common law, seemed too clear to be at this day a matter of denial. In Georgia, no statute prevents an assignment by an *existing* corporation.

2. But it has been argued with great earnestness, that the terms of the assignment brought it within the purview of the statutes of 13th and 27th Elizabeth, and that therefore, the assignment was void. The assignment being of *all* its property, real and personal, in trust for *all* its creditors, with direction that the assignees *should proceed with reasonable and convenient dispatch to convert the property into money,* and *for that purpose,* to sell and dispose of any or all of the property in *such manner and on such terms as they may deem most for the interest of said trust,* we do not perceive how the end to be accomplished, the conversion of the property *into money* for distribution among the creditors of the company, could have been well and beneficially accomplished without such a fair and rational discretion as was conferred on the assignees. We see no attempt in that discretion to hinder and delay creditors, but on the contrary, a careful precaution to prevent a sacrifice of the property, whereby the creditors would have been injured. Without *such intent* or *purpose* being made clearly visible, an assignment having the appearance of fairness, should not, by the Courts be held obnoxious to those statutes.

3. The record shows that the *judgment* of plaintiffs in error, who are contesting the validity of the assignment, was obtained *subsequent* to the assignment. At the *excution* of the assignment the claim of plaintiffs was upon a policy of insurance issued by the company for loss sustained by fire; their damages had not, at that time, by proof, been *ascertained* and *fixed*; the claim, therefore, had that grade only which contracts of a similar description had, no lien recognized by law had given it a priority. This was the *status* of the claim at the making of the assignment; the subsequent lien created by judgment could not be made to relate back, and class it

with the judgments existing when the assignment was made. The result is that the assignees can regard in the payment of the creditors of the assignor only the rank or priority of the debts at the time of the assignment.

Judgment affirmed.