JOHN W. HENDERSON, plaintiff in error, *vs.* W. P. MERRITT, defendant in error.

Where a contract was made between two attorneys, representing their clients, that, if the defendant would not *certiorari* the decision made by the County-Court establishing copies of certain lost notes, the defendant should have the right to file the plea of *non est factum*, when suit should be instituted on the established copy notes, and the defendant performed his part of the contract in good faith:

*Held*, That, in as much as the plaintiff had the benefit of the contract on his part, it would be a *fraud* on the defendant not to require the plaintiff to perform his part of the contract, although the same was not in writing.

Debt.   Motion for new trial.   Decided by Judge SPEER. Henry Superior Court.   October Term, 1867.

Merritt filed, in the County-Court, a petition to establish certain notes, which he claimed were executed by John W. Langford and John W. Henderson, payable to himself, and which he had lost.   Henderson appeared, September, 1866, and defended, pleading that if such notes were ever in existence, they were paid, and that he never signed nor made the original notes, nor authorized any one to do so for him.

The jury found for the plaintiff, and a rule absolute was ♦ had, establishing the copy-notes, in lieu of the lost originals. Merritt sued Henderson upon said established copies, in the County-Court.   What was the evidence, and what was the issue there, did not appear by the record.   In August, 1867, there was a verdict for the defendant.   From that, the plaintiff appealed.   When the cause came on for trial, plaintiff's attorney proposed to strike defendant's plea, which was *non est factum*, upon the ground that the same had beed filed and passed upon in the County-Court, on the motion to establish said notes.   Thereupon, defendant's attorney proposed to swear that, after the hearing of the motion to establish said notes, the plea of *non est factum* being there filed and heard, the attorney for Merritt agreed with him that if he would not sue out a *certiorari* to set aside the said rule absolute, he, plaintiff's attorney, would take no exceptions, but defendant might make his defence, when sued on the established notes, in the same manner, and to as full an extent as if no issue had ever been had or tried upon the motion to establish said notes, and that, relying on this promise, he, defendant's attorney, did not sue out *certiorari*: which evidence, thus offered, was rejected by the Court.   The Court struck the plea, and there was a verdict for the plaintiff.

Defendant moved for a new trial, upon the ground that the Court erred in ruling out the evidence offered by defendant, and in striking said plea.   He refused a new trial, and this is assigned as error.   (At June Term, 1867, of this

Court, this cause was under the military order, and was, therefore, held up.)

M. Arnold, Peeples & Stewart, for plaintiff in error.

G. N. Nolan, (by J. J. Floyd and the Reporter,) for defendant in error.

Warner, J.

The error assigned in this case to the judgment of the Court below, is in rejecting the evidence offered by the defendant to prove the agreement set forth in the record, in consideration that he would not *certiorari* the case decided by the County-Court, and in striking out the defendant's plea of *non est factum.* This was not such a consent between attorneys and parties as is contemplated by the rule of Court requiring such consent to be given in writing; or rather, it does not come within the *reason* and *spirit* of that rule. It was not a consent to waive evidence or pleading. It was a *contract,* executed by one party, by which he declined to *certiorari,* in consideration that he should be allowed to file his plea of *non est factum* when suit should be instituted on the notes. The forbearance to sue out the *certiorari* from the decision of the County-Court, was a sufficient consideration to support the contract, and the plaintiff, having had the benefit of the contract, it was a *fraud* upon the defendant not to execute it in good faith on his part. The rule of Court was intended to *prevent* surprise and fraud, not to sanction or protect *fraud.* Good faith and fair dealing require that the plaintiff should perform his part of the contract, especially as he has had the benefit of it. From the facts presented in the record, we think the Court below erred in ruling out the evidence offered to prove the contract between the parties, and in striking out the defendant's plea.

Let the judgment of the Court below be reversed.