## HARVEY, TRUSTEE *vs.* CUBBEDGE *et al.*, FOR USE.

EQUITY, FROM BIBB. Equity. Minors. Trusts and Trustees. Service. Guardian and Ward. Corporations. Assignment. (Before Judge Simmons.)

Blandford, J.—1. The rule in England is that in an equity case minors or infants must be served with the bill and subpoena in person, and after this a guardian ad litem is appointed for them by the chancellor ; but in this State, from the passage of the act of 1854, authorizing the judges of the superior courts in chambers, upon petition, to change trustees or order a sale of trust property, etc., and providing that if minors are interested and they have no guardian, guardians ad litem must be appointed and notified before the cause proceeds, until the passage of the act of 1876, which provides differently, it has been the constant practice not to notify the infant, but to appoint a guardian ad litem to represent him. To hold such an order void, would be to overthrow the practice of over thirty years and unsettle titles to property and cause endless litigation. Code §§4221–4224; 66 Ga., 647; 68 Id., 493.

2. A decree in this case subjecting a trust estate, will be sustained, on the ground that the debt incurred was for money advanced to improve the trust estate, even if the order authorizing the mortgage and loan were void. 38 Ga., 232 ; 9 Id., 70.

3. A corporation having executed an assignment while it was still in existence, it passed title to a debt or claim included therein to the assignees for the benefit of creditors of the association. The debtors of the corporation cannot attack it, because the charter has since expired. If void at all, it would be at the instance of creditors. 37 Ga., 611 ; 30 Id., 580 ; Code 1688, 1689.

Judgment affirmed.

Lyon & Gresham, for plaintiff in error.

Lanier & Anderson ; Hill & Harris for defendants.