HARVEY, trustee, *vs.* CUBBEDGE *et al.*, for use.

1. The rule in England is that in an equity case minors or infants must be served with the bill and subpœna in person, and after this a guardian *ad litem* is appointed for them by the chancellor; but in this state, from the passage of the act of 1854, authorizing the judges of the superior courts in chambers, upon petition, to change trustees or order a sale of trust property, etc., and providing that if minors are interested and they have no guardian, guardians *ad litem* must be appointed and notified before the cause proceeds, until the passage of the act of 1876, which provides differently; it was the constant practice not to notify the infant, but to appoint

a guardian *ad litem* to represent him. To hold such an order void would be to overthrow the practice of over thirty years and unsettle titles to property and cause endless litigation.

2. A decree in this case subjecting a trust estate will be sustained, on the ground that the debt incurred was for money advanced to improve the trust estate, even if the order authorizing the mortgage and loan were void.

3. A corporation having executed an assignment while it was still in existence, it passed title to a debt or claim included therein to the assignees for the benefit of creditors of the association. The debtors of the corporation cannot attack it, on the ground that the charter has since expired. If void at all, it would be at the instance of creditors.

December 1, 1885.

Equity. Minors. Trusts and Trustees. Service. Guardian and Ward. Corporations. Assignment. Before Judge SIMMONS. Bibb Superior Court. April Term, 1885.

Reported in the decision.

LYON & GRESHAM, for plaintiff in error.

LANIER & ANDERSON; HILL & HARRIS, for defendants.

BLANDFORD, Justice.

The defendants in error, assignees of the Home Building and Loan Association, filed this bill against the plaintiff in error, to subject certain trust property in the hands of James Harvey, trustee for his wife and children, for the payment of a debt, which, it is alleged, was incurred by the trustee for money loaned and advanced by the Home Building and Loan Association to said trustee, and which was used by him in improvements made upon the trust property. They further alleged that the trustee was authorized to make this loan and to execute a mortgage to secure the same by virtue of an order granted in chambers by the judge of the superior court of Bibb county, in the year 1873, upon the petition of said trustee; that his wife and children, who were minors, were parties to this

proceeding. The wife appeared and consented to the order; the children were not served with this proceeding, but a guardian *ad litem* was appointed by the chancellor, and he appeared and consented to the order. The charter of the Home Building and Loan Association had expired when this bill was filed, but it was in existence when the deed of assignment was made to defendants in error.

The plaintiff in error insists:

(1.) That the order of the judge of the superior court is void as to the infant *cestuis que trust*, because they were not served with notice of the application to encumber the trust property, and it did not bind them; and

(2.) That, as the corporation had ceased to exist before this bill was filed, by virtue of the expiration of its charter, there was no liability on the part of plaintiff in error.

The court below disagreed with the learned counsel for the plaintiff in error on both propositions, and a decree was rendered for the defendants in error, and this is the cause of complaint here.

1. We recognize the rule to be in England, as that stated by counsel for plaintiff in error, that the minors or infants must be served with the bill and subpœna in person, and after this a guardian *ad litem* is appointed by the chancellor to defend for them, yet since the passage of the act of 1854, as codified in §§4221 to 4224 of the Code, which authorizes the judges of the superior courts in chambers, upon petition, to change trustees or order a sale of trust property, etc., in which act it is also declared that if minors are interested, and they have no guardian, guardians *ad litem* must be appointed and notified before the cause proceeds, it has been the constant practice to do as was done in this case, not to notify the infant, but to appoint a guardian *ad litem* to represent him. To hold that the order of the chancellor was void in this case would be to overturn more than thirty years' practice, under the act; besides, it would unsettle titles to property which have been honestly acquired and cause endless litigation. The case of *Board-*

*man vs. Taylor*, 66 *Ga.*, 647, is founded on principles of sound public policy, and is in the interest of right and justice, and the same is re-affirmed. See 68 *Ga.*, 493. This case arose prior to the act of 1876, which now prescribes a different rule as to minors being made parties in these cases from that which obtained under the act of 1854; now the rule is somewhat similar to the English rule referred to, and must be followed in all proceedings instituted since its passage.

2. This decree can be sustained upon the ground that the debt incurred was for money advanced to improve the trust estate, even if the order authorizing the mortgage and loan were void. 38 *Ga.*, 232; 9 *Id.*, 70.

3. The deed of assignment having been executed while the corporation was alive and in existence, it passed the title to the debt or claim against the plaintiff in error to the assignees for the benefit of the creditors of the association; certainly the debtors of the corporation cannot attack it. If void at all, it would be at the instance of creditors. 37 *Ga.*, 611; 30 *Id.*, 580; Code, §§1688, 1689.

We find no error in this record, and the decree of the court below is affirmed.