## INMAN v. CRAWFORD.

(Circuit Court, N. D. Georgia.   May 19, 1898.)

MORTGAGE OF TRUST PROPERTY — POWERS OF TRUSTEE — EQUITIES OF MORT-
  . GAGEE.
    A husband became trustee under a will which left property in trust
    for his wife, and after her death in trust to be conveyed to her heirs.
    After the death of the wife, he continued to act as trustee for his minor
    daughter, and, as such, obtained an order of court authorizing him to
    mortgage the trust property for money with which to pay taxes and
    other liens thereon.   *Held* that, whether the trust be held an executed
    or an executory one, the facts that the mortgagor was still acting as
    trustee, and was the natural guardian of his daughter, that he borrowed
    the money by leave of court, and was shown to have used the most
    of it for the legitimate and necessary protection of the trust property,
    entitled the mortgagee to enforce the mortgage.

Bill to Foreclose Mortgage.

The report of the special master in this case is as follows:

To the Honorable the Judges of the Circuit Court of the United States for the
  Northern District of Georgia:

I herewith submit my report upon the facts and law of the above-stated
case:

Margaret H. Crawford filed a petition to the superior court of Fulton coun-
ty, on January 12, 1895, alleging, in substance, that Margaret C. Inman was
about to foreclose a mortgage upon certain property, situated in the city of
Atlanta, in which she owned a one-half undivided interest; that said prop-
erty had been illegally mortgaged by her father, George H. Crawford, affect-
ing to act as her trustee, especially as to two-thirds of her one-half undivided
interest; admitting that one-third of her undivided half interest was subject
to the lien of Mrs. Inman's mortgage; and praying that said mortgage be
decreed void as to two-thirds of her half interest.   Miss Crawford claims
under a deed made by Jonas S. Smith, dated May 27, 1871, to George G. Craw-
ford, as trustee for his wife, Margaret R. Crawford, the last-named party be-
ing the mother of the complainant.  Margaret R. Crawford died, intestate, De-
cember 20, 1872, leaving three heirs, her husband and two children, the young-
est being Miss Margaret H. Crawford.  Complainant insists that the trust under
the Jonas S. Smith deed, above mentioned, terminated at the death of her
mother, and the land in controversy became absolutely the property of her
father, her brother, and herself.  In December, 1881, George G. Crawford,
father of the complainant, conveyed to himself, as trustee for his two minor
children, his one-third undivided interest in the property described in the
deed from Jonas Smith to himself, as trustee for his wife.   The defendant,
Margaret C. Inman, being a resident of the state of New York, an order was
taken removing the case from the superior court of Fulton county to the
circuit court of the United States; and in October, 1896, the defendant, Mar-
garet C. Inman, filed a cross bill, in which she avers that George G. Craw-
ford, as trustee for his daughter, filed a petition, in which he set forth to
the proper court that it was necessary in order to preserve the property in
question from sale by reason of certain judgments and tax liens, and to im-
prove the property, and to realize certain sums for the support, maintenance,
and education of his daughter, Miss Margaret, the complainant in this case, '
to incumber her interest by making the loan of $5,500.   The petition was
heard; a guardian ad litem appointed for Miss Crawford.  He consented,
and recommended the court that the loan should be obtained, and that it
would, in the light of the facts set forth in the petition of the trustee, be
most beneficial to the estate of his ward that the petition be granted. · It was
granted, and the loan of $5,500 obtained from Mrs. Margaret C. Inman.   The
complainant testified that at the time of this transaction, in August, 1892,
she was about 20 years of age; that she was served with some paper, the
contents of which she did not know;  that she received but little, if

any, money from her father in her life, except for tuition at school; that she had lived with, and been supported by, an uncle most of the time since her mother's death; that she had always understood her father, George G. Crawford, was guardian and trustee for her property. Defendant introduced in evidence a copy of the will of John Gordon Howard, the grandfather of complainant; and, by the eighth item of said will, the property left his daughters was in trust for the term of their natural life, and, from and after their death, in further trust to be conveyed to the heirs of such deceased daughter. Defendant also introduced in evidence a copy of petition and order from the superior court of Chatham county, in which Margaret R. Howard, mother of complainant, joined with George R. Jessup, one of the executors and trustees under the will of Howard, to have W. W. Gordon, of Savannah, made the trustee of Margaret Howard. Defendant introduced copy of petition and order thereon from the superior court of Chatham county, in which Margaret Reed Crawford (formerly Howard) and her husband, George G. Crawford, asked that W. W. Gordon, the then trustee of Margaret R. Crawford, be authorized to turn over the property he held as trustee under the Howard will for Margaret R. Crawford, to her husband, George G. Crawford, reciting the fact that an heir had been born unto them, and they desired to obtain the money to invest in a home in the city of Atlanta. Gordon acknowledged service of the petition, and consented to the order, which was granted, directing W. W. Gordon to turn over to George G. Crawford the proceeds of the sale of the trust property held by him, and in trust to apply the same to the purchase of real estate in the city of Atlanta, to be used as a home for Margaret Reed Crawford and her children, and to be held by said Crawford upon the uses and trusts upon which said property is now held. This order was passed on November 28, 1870. Defendant did not prove that Gordon ever delivered the proceeds of the trust property belonging to Margaret R. Crawford to her husband, George G. Crawford, but she proved by a competent witness that no deeds to real estate in the city of Atlanta were to be found on the records of Fulton county, into George G. Crawford, as trustee, except the Jonas S. Smith deed, on May 27, 1871. Defendant also introduced in evidence the petition of George G. Crawford, trustee, filed in office of the superior court of Fulton county, August 10, 1892, in which Crawford represents himself as trustee for his daughter, the complainant in this case, and the trust property he asks the permission of the court to mortgage is a one-half undivided interest in property deeded by Jonas S. Smith on May 27, 1871. The petition is verified by the affidavit of George G. Crawford. There were various other papers introduced, showing how the money borrowed by Crawford from Mrs. Inman was disbursed, which do not need special mention.

I find that George G. Crawford was trustee for his wife and children by virtue of an order of the superior court of Chatham county, dated November 28, 1870, and that he was to hold the property in trust, under the will of John Gordon Howard, for the use of his wife during her life, and at her death he should in further trust convey it to the heirs of his wife. His trust under the will was executory; and when, in 1881, he conveyed to himself, as trustee for his children, one-third undivided interest in this property, the fee to the property was then absolutely in him, as trustee for his children. It is doubtful if, under the will, Crawford was an heir. If so, he relieved the situation by the conveyance of December 23, 1881.

I find further that inasmuch as the money borrowed from Mrs. Inman was used for the most part to satisfy liens for taxes, judgments, and other legitimate charges, as set out in the petition of the trustee against this property, before the contentions of the plaintiff could prevail, it would devolve upon her to show by competent proof that the property in question was not bought by funds delivered to her father, as successor in trust to William W. Gordon; and, though the evidence has some missing links, I think it fair to draw the inference that the deed from Jonas Smith ought to be in terms of the order of the superior court of Chatham county of November 28, 1870, and, in my opinion, it was the carelessness or design of George G. Crawford that it is not so recorded.

I find that it may be fairly concluded from the evidence before me that the property in question described in the mortgage deed from Crawford as trus-

tee to Mrs. Inman was held by Crawford as trustee for his daughter, Margaret H. Crawford; and that the lien is binding upon the one-half undivided interest of Margaret H. Crawford in said described property, for the principal sum of $5,500, $2,420 interest to February 9, 1898, and future interest at 8 per cent. per annum; and that defendant, Margaret C. Inman, have a decree of foreclosure against complainant, Margaret H. Crawford, for said principal, interest, and costs of court.

Respectfully submitted,                    Wm. P. Hill, Special Master.

Ellis & Gray, for complainant.
John C. Reed, for defendant.

NEWMAN, District Judge.    This case may be disposed of without going into it elaborately, as follows:

1. I think the special master was justified in finding, under the evidence, that the money paid by Dr. Crawford for the property in controversy, in the city of Atlanta, was the same money that he received from W. W. Gordon, former trustee for Mrs. Crawford, as to her interest in the estate of her father, John Gordon Howard. While the evidence might be more satisfactory, it is deemed sufficient to justify the special master in reaching the conclusion he did.

2. It is entirely clear from the evidence that the greater part of the money received from Mrs. Inman, all except something over $500, was used to pay off existing liens on the property in controversy. The balance of the money was paid to Dr. Crawford, to be used, as authorized by the order of court, in the support and education of the minor, Margaret Crawford.

3. In view of the foregoing conclusions, it is really immaterial as to whether the trust created by the will of John Gordon Howard was an executed or an executory trust. It may be conceded that there is some doubt as to the character of this trust, under the decisions of the supreme court of Georgia; but I am not sufficiently clear that Dr. Crawford was not a legal trustee to justify me in denying to complainant here the right to foreclose, for money advanced by her to him as such trustee, authorized, as he was, to make such loan by an order of a judge of the superior court of Fulton county. Dr. Crawford was unquestionably acting as trustee. He was the natural guardian of his daughter. He obtained this money by order of court. as stated, for legitimate and even necessary purposes; and the evidence traces almost all of the money so borrowed, and shows that it paid off liens against the trust estate and on the property mortgaged. There can be no question that, as to the amount used to pay off liens, complainant is entitled to foreclosure. Harvey v. Cubbedge, 75 Ga. 792. As to the remainder, while in some doubt, I think the complainant is also entitled to foreclosure. I do not feel justified, at least, in setting aside the master's report, which is in favor of the complainant. The exceptions to the report of the special master will be overruled, the same confirmed, and a decree may be taken accordingly.