WELCH *et al. v.* AGAR.

1. Service upon a minor will not enforce the appearance of the minor after he or she has arrived at age. Nor will the appointment of a guardian *ad litem* be effectual if such guardian expressly declines to accept.

2. A trustee who, by the deed of trust, has a power of sale and reinvestment, is a proper, though not a necessary, party in a proceeding to partition the premises amongst the beneficiaries.

3. Upon showing good cause, partition may be ordered at the instance of a creditor holding an absolute deed from one of the tenants in common as security for a debt; but without good cause, partition in opposition to the will of the debtor of such creditor should be denied.

March 10, 1890.

Partition. Service. Minors. Parties. Trusts. Deeds. Tenants in common. Before Judge BOWER. Dougherty superior court. April adjourned term, 1889.

.Agar by his petition alleged that he was the owner in fee of an undivided third-interest in certain described city lots; that Mrs. Hoge (minor), formerly Miss Welch, was the owner in fee of an undivided third-interest in them; that L. E. Welch, Jr., non-resident, was the owner in fee of the other undivided third interest; and that the lands could not be divided in kind. Wherefore he prayed that Sol. T. Hoge, the husband of Mrs. Hoge, be appointed guardian *ad litem* for her, and be served with the petition; that Welch be served by publication; and that the parties named show cause by the next term why partition should not be made by sale. On October 9th, 1888, Sol. Hoge, by order of the court, was appointed guardian *ad litem* for his wife; and it was directed that he be served, and that Welch be served by publication, and that they answer at the next term, etc. Welch acknowledged service on December 31st, 1888, and Hoge and his wife were served with a copy of the petition and order on January 30th, 1889. Hoge made no objection until the case was called for trial, on June 10th, 1889, when he filed his refusal to serve as such guardian, for the reason that W. E. Mitchell was the duly appointed trustee of Mrs. Hoge. She had, in the meantime, attained her majority.

It was admitted by petitioner's counsel that Mitchell, prior to the filing of the petition, had been, on regular application to and order of the court, appointed trustee vice H. E. Welch, deceased, the trustee named in the original trust deed under which the trust was created, for Mrs. Hoge, and had accepted the same, and had not been removed. L. E. Welch, Jr., and Laura I. Welch (the latter claiming to be interested in the property) objected to the trial proceeding, on the ground that the trustee had been neither served nor made a party, both of which should have been done on the facts aforesaid. This objection was overruled and the trial ordered to proceed.

The trust deed referred to was executed on July 8th, 1875, by L. E. Welch to Henry E. Welch, as trustee of Laura I., wife of L. E., and her children, conveying the city lots in consideration of love and affection, and of $1,000 paid by Henry E.    It gave to Henry E. and his successors the power to sell the property, without an order of court, with the consent of Laura I. in writing, and to reinvest the proceeds subject to the trust; but contained no other provision as to the management or conduct of the trust estate or trustee.    The children were Mrs. Hoge and L. E. Welch, Jr.    On April 5th, 1886, Laura I. filed her petition alleging that Henry E. had died, and asking the appointment of Mitchell "as the naked trustee" of petitioner and her children, L. E. Jr. being then twenty and Mrs. Hoge eighteen years of age.    Service of this petition was acknowledged by L. E. Welch, Sr. and Jr., and Mrs. Hoge, and they ratified the selection of Mitchell, who was appointed by the court "a naked trustee," and accepted the appointment.

L. E. Welch, Jr., and Laura I. also objected that the deed to Agar, under which his petition was filed, was made by Laura I. to secure a debt she owed or might owe Agar; that Agar had executed a bond to reconvey on payment of the debt; that she had remained in possession up to the present time; and that such deed did not make him a "common owner" so as to entitle him to the writ of partition.    His counsel admitted that the deed was made to secure debts due and to be afterwards contracted; that a bond to reconvey on payment of tho debts was made by him of the same date as the deed; and that Laura I. had remained in possession. The deed is, in form, an ordinary warranty deed to her undivided third-interest in the land in question and to other property.    Richard Hobbs testified that about $8,000 were due on the debt the deed was made to secure.

The court held that partition could be maintained under such deed, and appointed partitioners to divide the lands in kind. The defendants excepted.

D. H. POPE, W. R. LEAKEN and R. G. ERWIN, for plaintiffs in error.

R. HOBBS and C. B. WOOTEN, contra.

BLECKLEY, Chief Justice.

1. Mrs. Hoge was a minor, and although service was made upon her, she did not appear or plead, nor did her husband accept the appointment of guardian ad litem, but expressly declined the same. The court should not have proceeded in spite of his declination, for the precise opposite is the spirit of our law. It contemplates an express acceptance, in order to make the infant a party with perfect regularity. Code, §3263(a). If Mrs. Hoge had voluntarily appeared after she attained majority, that would have sufficed, as it seems she had arrived at age when the trial on the petition took place. But service upon her during her minority would not compel her appearance after arriving at age. The petition should be amended, alleging that she is no longer a minor, and copy of the amendment should be served upon her. Then she would be bound whether she appeared or not, if in fact she be now of full age. The same result might be accomplished by an order reciting her arrival at age, and service upon her of such order.

2. As the formal legal title to the whole premises is perhaps outstanding in a trustee, it would also be better that he be made a party. The order appointing him calls him a naked trustee, but it goes on and clothes him with all the rights and powers conferred by the deed of trust upon the original trustee; and the original trustee took the power to sell and reinvest in conjunction with Mrs. Welch. It may be that this power is no longer exercisible, if all the minors interested in the

property have attained their majority.   We do not rule
that he is a necessary party, but it would be judicious
to bring him before the court, if it be designed to make
the partition absolutely conclusive upon the title both
legal and equitable.

3. With respect to the right of a creditor who holds
an absolute deed as security for his debt to have parti-
tion, there is some difficulty, because his title is defeas-
ible, and because his bond is outstanding to reconvey,
not an estate in severalty, but an estate in common,
the same sort of estate which he acquired from his
debtor as security.   Following analogies, we would say
that he can have partition, certainly so with the con-
currence of his debtor, the holder of the bond for
titles; and without such concurrence, if there be any
good reason shown why he ought to have his estate in
common changed to one in severalty.   We find it ruled
that mortgagees holding the legal title may under some
circumstances have partition.   Colton *v.* Smith, 11
Pick. 311; Rich *v.* Lord, 18 Pick. 322; Barbour on
Parties, 423; Freeman on Coten. §§451, 452.   See,
however, 1 Jones on Mort. §705.   To grant partition
at the instance of a creditor holding an absolute deed,
as in the present case, would relieve him from recon-
veying the kind of estate which he holds and which he
has engaged by his bond to restore to his debtor upon
payment of the debt.   To work this result in opposi-
tion to the will of the debtor, ought to require a very
strong reason, inasmuch as the statute gives another
remedy for realizing on such a security, namely, the
execution of a deed and levy and sale of the property
after obtaining judgment on the debt.   Code, §1970.
In all applications for partition, the court has a discre-
tion to deny the writ where a sufficient reason appears
(Code, §4006), and that the applicant holds a deed for
security only is a very potent reason for denying the

petition where it is not shown that some special cause exists for not using at once the appropriate statutory remedy expressly provided by the legislature in behalf of such a creditor. In this case, no such cause appears, and we think the court erred in ordering the writ to issue.    *Judgment reversed.*