GEORGIA HOME INSURANCE CO. v. HALL & PEDDINGHAUS.

1. A policy of insurance upon partnership personalty, taken out by the partners in their firm name, is not vitiated by a contract between them, made while the policy was in force and before any loss was sustained, by which one of the partners agreed to sell his interest in the property insured to the other, reserving the title to such interest until the purchase money should be paid, the loss occurring before payment in full had been made; the stipulations in the policy bearing upon the subject being, that the policy should be void if there be a mortgage, bill of sale or other lien upon the

property insured or any part of it, either prior or subsequent to the issuance of the policy, without the fact being indorsed thereon, or if any change takes place in the title or possession of the property, whether by sale, transfer, conveyance, legal process or judicial decree, or if the policy, before loss, be assigned without the consent of the company indorsed thereon, or if the insured is not the sole, absolute and unconditional owner of the property insured.

2. A partnership has no insurable interest in household, ornamental and kitchen furniture of one of the partners and his wife, or in their wearing apparel. A policy embracing these articles as well as property of the firm, is void as to the former, though valid as to latter. *Judgment reversed in part, and affirmed in part.*

July 16, 1894.

Action on insurance policy. Before Judge EVE. City court of Richmond county. November term, 1893.

Hall & Peddinghaus, for the use of Hall, sued the insurance company, which excepted to the overruling of its demurrer to the declaration. Hall & Peddinghaus had a photograph and art gallery in Augusta, and Hall and wife occupied, as a place of residence, adjacent rooms in the same building. Plaintiffs through Hall applied to defendant's agent for $2,500 insurance on the gallery and stock therein, and for $500 on the household furniture, wearing apparel, etc. The agent was familiar with the surroundings and location of the gallery, and the fact that Hall and wife occupied the adjacent rooms, and Hall fully explained to him all the facts and circumstances; whereupon he issued to Hall & Peddinghaus a policy insuring them to the amount of $3,000, $2,500 on furniture, fixtures and other enumerated articles in the photograph gallery, and $500 on household, ornamental and kitchen furniture of all kinds, including wearing apparel, " all while contained in their apartments on the second and third floors of" the building described. While the policy was in force, Hall made a contract with Peddinghaus to purchase his interest in the gallery, Peddinghaus reserving his title to the half-

interest bargained for, until the purchase money therefor should be paid. Before it was paid, a fire occurred, causing almost a total loss. At that time Peddinghaus still held title to the half-interest as contracted. The company refusing payment, suit was brought as before stated, Peddinghaus agreeing that it should be brought in the name of the firm for the use of Hall, so far as the firm were interested in the contract. The grounds of demurrer, and the other relevant portions of the policy, are sufficiently apparent from the head-notes.

FLEMING & ALEXANDER, for plaintiff in error.
WILLIAM T. DAVIDSON, contra.