**ATLAS REDUCTION CO. et al. v. NEW ZEALAND INS. CO. (four cases).**

(Circuit Court D. Colorado. January 30, 1903.)

Nos. 4,340–4,343.

1. FIRE INSURANCE—CONDITIONS AGAINST INCUMBRANCE—WAIVER.

Where an insurance policy covering both real and personal property provided that none of its conditions should be waived unless the waiver was indorsed thereon or attached thereto, and also contained a clause that as to any personal property it should be void if the property became incumbered by a chattel mortgage, unless otherwise provided by an agreement indorsed thereon, such condition was not waived by an indorsement making the loss payable to two persons named, who were in fact mortgagees, as their interest might appear, but which did not contain any reference to the mortgage, nor show that the insurer had any knowledge of the existence of a mortgage upon the personal property.

121 F.—59

At Law. On demurrer to complaint.

Daniel Prescott, for plaintiffs.

Sylvester G. Williams, for defendant.

HALLETT, District Judge (orally). No. 4,343, the Atlas Reduction Company, George B. Dodge, and Archie M. Stevenson against the New Zealand Insurance Company, is an action on a policy of insurance. The policy was dated August 31, 1901, and was for a term of one year. The policy contained a clause which reads as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage." The property insured was in large part personal, as shown by the description in the complaint and in the policy. Following the date of the policy, and on September 30, 1901, the Atlas Reduction Company mortgaged the real estate covered by the policy, and also the personal property, to Dodge and Stevenson, two of the plaintiffs in the suit. These mortgages were separate instruments, one covering the real estate and the other the personal property. The averment in the complaint in that respect is as follows:

"That on the 30th day of September, 1901, the above-named plaintiff the Atlas Reduction Company was and continued to be indebted to the above-named plaintiffs George B. Dodge and Archie M. Stevenson in an aggregate sum of forty thousand dollars for moneys advanced and paid by said George B. Dodge and Archie M. Stevenson for and on account of said plaintiff the Atlas Reduction Company, and on or about said 30th day of September, 1901, said plaintiff the Atlas Reduction Company made, executed, and delivered to the said plaintiffs George B. Dodge and Archie M. Stevenson a certain indenture of mortgage upon the real property, buildings, and appurtenances above described, and also on the same day the said plaintiff the Atlas Reduction Company made, executed, and delivered to said George B. Dodge and Archie M. Stevenson a certain chattel mortgage upon the personal property above described, both of which said mortgages were thereafter duly filed for record in the office of the county clerk and ex officio recorder of said county of Boulder, in said state of Colorado."

In the seventh paragraph it is averred that the defendant, the New Zealand Insurance Company, on or about the same day procured an indorsement to be made upon the policy as follows:

"Denver, Colo., Sept. 30th, 1901.

"Subject to all the conditions of this policy, loss, if any, payable to G. B. Dodge and A. M. Stevenson, as their interests may appear.

"Bartels Brothers, Agents."

The question raised by demurrer is whether this indorsement is sufficient to show the assent of the insurance company to the chattel mortgage, and upon that I have reached the conclusion that the indorsement is not sufficient. Under all the authorities, and in terms, it is only a direction to pay the loss which may arise under the policy to Dodge and Stevenson, and does not affect in any way any of the stipulations and conditions contained in the policy of insurance. The indorsement which is required by the clause in relation to the property being incumbered by a chattel mortgage would not be effectual unless it expressly referred to the mortgage in terms, which

should show that the company had knowledge of the existence of the mortgage; and this indorsement does not at all conform to that. The form of the indorsement is one which is in use as to mortgages of real estate, and such mortgages are not forbidden in terms in the policy. It is only chattel mortgages which are expressly forbidden. The fact that the indorsement which was in fact made upon the policy is only a direction to pay any sum which might become due under the policy to Dodge and Stevenson, is sufficiently explained in Bates v. The Equitable Insurance Company, 10 Wall. 33, 19 L. Ed. 882. There are numerous other cases, but none other need be cited. This is the authority of the Supreme Court of the United States, which in this court controls all other authorities. That the writing made upon the policy must distinctly show knowledge of the insurance company as to the chattel mortgage is provided for in the first clause of the policy, which reads as follows:

"This policy is made subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The knowledge of the agent of the existence of the chattel mortgage will not avail. It must appear in the writing indorsed upon the policy that there was such knowledge, and that the terms of the policy were the subject of express waiver. So that it must be held from the complaint, and the mortgage as stated in it, that there is no right of action in respect to the loss which accrued from the destruction of the personal property. Whether there may be any, right of action as to the real property is a question not now presented in this complaint. If the complaint shall be amended so as to show a demand for the value of the real property alone and the improvements which were upon the real property, as distinguished from the chattels, the question will then be presented whether the making of the chattel mortgage by a separate instrument would vitiate the transaction as to the mortgage upon the real property. Upon that point I express no opinion at this time. It is unnecessary to take up the subject until plaintiffs shall proceed as to the value of the real property destroyed alone.

There are four cases presenting the same state of facts in which the order will be made, Nos. 4,340 to 4,343. The demurrer is sustained, with leave to the plaintiff to amend within 30 days, as it may be advised.