HARTFORD FIRE INSURANCE COMPANY *v.* LIDDELL COMPANY.

A policy of fire insurance was issued by an insurance company to A upon two described articles of personal property. It was provided in the policy that the loss should be payable to B and C, as their interests might appear. At the time the policy was issued the interest of B was as a purchase-money creditor retaining title to secure the payment of the same to one of the articles, and the interest of C was of a similar nature as to the other article. These facts were known to the company at the time the policy was issued. Subsequently to the issuance of the policy A executed and delivered to B a chattel mortgage upon his interest, in the article purchased from C. The policy contained a stipulation that the same should be void "if the subject of insurance be personal property, and be, or become, incumbered by a chattel mortgage." *Held,* that the execution and delivery of the chattel mortgage by A to B worked a forfeiture of the policy under the stipulation against encumbrancing.

Argued July 1, 1907.— Decided January 31, 1908.

Action upon insurance policy. Before Judge Reagan. Early superior court. November 20, 1906.

The Liddell Company brought suit against the Hartford Fire Insurance Company. The petition contained two counts. The first count alleged, that the defendant issued to E. S. Collins a fire-insurance policy, a copy of which is attached to the petition; that the property insured was totally destroyed by fire, with the exception of a boiler and engine mentioned therein, which were not entirely destroyed; that proofs of loss were duly submitted, in accordance with the terms of the policy; that Collins, for a valuable consideration, after the loss had occurred, transferred all

of his interest in the policy to the plaintiff. The second alleged, that on August 27, 1903, the defendant issued to Collins a policy of fire insurance, which was to run for a term of one year; that attached to the policy was a slip, duly signed by the agent of the company, which provided that a loss under the policy was to be adjusted with Collins, but was to be payable "to the Liddell Company and the R. D. Cole Mnfg. Co., as their interests may appear;" that the interest of the Liddell Company was known to the defendant at the time that the policy was issued, such interest being that it had sold to Collins a gin outfit, being the outfit insured, with the exception of the engine and boiler, and had retained title to the same by an instrument in writing; that on May 3, 1904, the plaintiff approached the defendant, through its authorized agent, and stated to him that the plaintiff desired the policy renewed upon its expiration, whereupon the agent then and there, in writing, agreed that he would renew the policy upon its expiration, the loss on the same to be made payable to the Liddell Company as its interest might appear; that the agent, at the time of this agreement, knew of the interest of the Liddell Company, and that company agreed to pay the premium in the event that Collins failed to do so. On August 27, 1904, the defendant, through its agent, did renew the policy in accordance with the agreement, but without making the loss payable to the Liddell Company as its interest might appear. Collins, on the date that the policy was renewed, was indebted to the Liddell Company, and at the time of the filing of the present suit was still indebted, and title was retained in the Liddell Company as security for the payment of such debt. which fact was known to the defendant at the time that the policy was issued. The premium has been paid. On October 28, 1904, the property insured, being of the value of not less than three thousand dollars, was destroyed by fire, with the exception of the boiler and engine, which were not destroyed. Proofs of loss have been duly furnished in accordance with the terms of the policy. The prayer of the petition is, that the policy be reformed by adding thereto the loss-payable clause above referred to, which was omitted therefrom by mistake; and that judgment be rendered in favor of the plaintiff for the amount of its interest in the subject-matter of the policy, which was alleged to be $1,749.28, besides interest. It is alleged also, that subsequently to the loss

Collins transferred to the plaintiff all his interest in the policy. The defendant filed an answer, admitting some of the averments in the petition, and denying others. The only portions of the answer which are now material are those which alleged, that the policy contained the stipulation, "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage;" that subsequently to the issuance of the policy Collins executed and delivered to the Liddell Company a chattel mortgage as additional security for the debt alleged to be due by Collins to the Liddell Company, such mortgage covering the boiler and engine and appurtenances referred to in the policy as originally written; and that this constituted a breach of the conditions of the policy and rendered the same null and void. At the trial it appeared from the evidence that the policy was issued to Collins to insure him against loss by fire on his ginning outfit, boiler, and engine; and that the policy originally issued had attached to it a loss clause making the same payable to the R. D. Cole Mfg. Co. and Liddell Co., as their interests might appear. It appears that this clause was, by mistake, omitted from the policy when it was renewed. The evidence discloses that the several interests of the parties named in the policy were derived under the following circumstances: Collins had purchased the gin outfit from the Liddell Company, and that company had retained title to the same until it was paid. Collins had purchased the boiler and engine and appurtenances from the R. D. Cole Mfg. Co., and that company had retained title to the same until the purchase-money was paid. All of these facts were known to the insurance company, through the agent who issued the policy, at the time that the policy was issued. Subsequently to the issuance of the policy Collins, without the knowledge or consent of the company, executed to the Liddell Company a chattel mortgage upon his interest in the boiler and engine purchased from the R. D. Cole Mfg. Co., the mortgage stating, in terms, that it was subject to the claim for purchase-money secured by the retention of title by the R. D. Cole Mfg. Co. At the close of the evidence the defendant moved that a verdict be directed in its favor, upon the ground that the execution and delivery of

the chattel mortgage upon the boiler and engine, without the knowledge or consent of the defendant, worked a forfeiture of the policy. This motion was overruled, and the court directed a verdict in favor of the plaintiff. The defendant excepted.

*King, Spalding & Little,* for plaintiff in error.

*Pottle & Glessner,* contra.

EVANS, P. J. The facts of this case may be thus summarized: Collins was the owner of a ginning outfit, as well as a boiler and engine and appurtenances. The ginning outfit had been purchased from the Liddell Company, and that company had retained title to secure the purchase-money. The boiler and engine had been purchased from the R. D. Cole Manufacturing Company, and that company had retained title to secure the payment of the purchase-money. The policy of insurance was issued with full knowledge on the part of the insurance company that such was the condition of the title. When the first policy was issued there was a provision in the policy that the loss should be payable to the companies above referred to, as their interests might appear. This clause was, by mistake, omitted from the policy when it was renewed. The evidence established the fact that this was due to a mistake, and it is conceded that the case is to be treated as if such clause had been duly attached to the policy. Subsequently to the issuance of the policy Collins gave the Liddell Company a mortgage on his interest in the boiler and engine. The insurance company pleaded that the execution and delivery of this mortgage was a breach of that provision in the policy which declares that the same "shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

Policies of fire insurance often contain a stipulation that if there be a sale of the property or a change of interest in the same, or an alteration of the same, the policy will be void. A condition in a policy, that the policy "shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage," is a reasonable requirement; and when the insured accepts a policy with this condition in it, and commits a breach of the condition, he can not recover in case the property is destroyed by fire. *Alston v. Phenix Ins. Co.,* 100 *Ga.* 287 (27 S. E. 981). It is the contention of the defendant in error that the giving of the mortgage to the Liddell Company on the boiler and

engine did not violate this condition, because they and Collins sustained the relation of joint owners of the property to the insurer, and the transaction was but a shifting of their interest, and was not violative of the condition of the policy. By the great preponderance of authority, where the subject of insurance is partnership property, and the insured are partners, a sale by one partner to another is not such an alienation as will work a forfeiture of the policy under a stipulation of this character. 1 May on Ins. (4th ed.) §279; 1 Biddle on Ins. 218; Hoffman *v.* Ætna Ins. Co., 32 N. Y. 405 (88 Am. D. 337); Pierce *v.* Nashua Ins. Co., 50 N. H. 297 (9 Am. R. 235); Allemania Fire Ins. Co. *v.* Peek, 133 Ill. 220 (24 N. E. 538, 23 Am. St. R. 610); German Mut. Fire . Ins. Co. *v.* Fox, 4 Neb. (Unof.) 833 (96 N. W. 652, 63 L. R. A. 334); Powers *v.* Guardian Ins. Co., 136 Mass. 108 (49 Am. R. 20); Lockwood *v.* Middlesex Assur. Co., 47 Conn. 553. Our own case of *Ga. Home Ins. Co.* v. *Hall,* 94 *Ga.* 630 (21 S. E. 828), is in accord with the current of authority. Likewise a transfer from one joint owner to another, because of their common and undivided ownership of the whole property, will not terminate an insurance policy issued to the joint owners, because of a covenant against alienation or encumbrancing. 2 Cooley's Briefs on Law of Ins. 1726. The underlying principle of the proposition that a covenant against alienation by the insured does not terminate a policy issued to partners on partnership property, because of a transfer of interest by one partner to his copartner, is that each partner is interested in the whole property; and as the insurer contracted to insure the purchasing partner's interest in the whole property, the hazard is not increased because the purchasing partner has acquired a greater interest in the property by a transfer of his copartner's share. The same reasoning which supports this proposition applies to a mortgage by one partner to his copartner upon his interest in the partnership property. *Alston* v. *Phenix Ins. Co.,* supra. A controlling question, therefore, is whether the insured and the mortgagee were joint owners of the property insured, so as to take their transaction out of the operation of the covenant against encumbrancing the property. In the first place it may be observed that the policy only purported to insure Collins against fire. The loss-payable clause was but a power of appointment to pay to the Liddell Company the loss incurred by fire as its interest

might appear. The insurer did not insure the Liddell Company's property, but that of Collins. The inhibition against encumbrancing had no reference to the Liddell Company transferring its reserved-title note. If Liddell Company had relinquished their interest in the property, or its debt had been paid before loss, Collins could have collected the insurance. Again, the reason of the rule allowing joint owners to shift their interests from one to another without violating this condition rests upon their common and undivided ownership of the whole property. Here the Liddell Company had a reserved-title note to one article of the property, and the mortgage was taken by it on other articles of property. There was not that community of interest in the whole property which made it a joint owner with Collins, although the different items of personalty were used to operate a single enterprise. When the policy was issued the Liddell Company had no interest, by lien or otherwise, in the property upon which the mortgage was subsequently given. From these considerations it would seem clear that the Liddell Company was neither joint owner with Collins, nor insured by the policy, but only held a power of appointment to collect the insurance money due to Collins in case of loss.

But the defendant in error contends, that the language of the loss-payable clause implies more than a power of appointment to receive the money in case of loss; that it is equivalent to the insurer's assent to subsequent encumbrances to the same appointees. One to whom a policy is thus made payable is not an assignee thereof, and must claim in the right of the party insured, and not in his own. Bates v. Equitable Ins. Co., 10 Wall. 38 (19 L. ed. 882) ; Hale v. Mechanics Ins. Co., 6 Gray, 169, and cases cited in note to this case in 66 Am. Dec. 413. The direction as to the payment of the money should loss occur during the existence of the policy contract does not remotely suggest a waiver of any condition in the policy. The insurer only assents to the nomination of another to receive what may be due the insured under the policy. The words "as his interest may appear" only serve to limit the appointee's recovery. If his interest be less than the amount due on the policy, he could not recover from the insurer, over the insured's objection, the excess over his debt. These words will estop the insurance company from insisting that the exact nature or amount of the appointee's interest was not stated in its

assent, but can not be enlarged into a consent to a subsequent mortgage. A loss-payable clause of this nature only means that the insurer has notice that the person to whom payment is to be made in the event of loss has some interest in the property, and, to the extent of that interest as then existing, agrees to pay to such person out of its liability on the policy. If the appointee's interest be that of a mortgagee, a renewal of the mortgage on the same property to secure the original debt, in whole or in part, will not violate the policy provision against a subsequent mortgage. This is so for the reason that it is the same hazard of which the insurer had knowledge when it assented to pay the loss to the insured's appointee. Koshland v. Home Mut. Ins. Co., 31 Or. 321 (50 Pac. 567) ; Kansas Farmers Fire Ins. Co. v. Saindon, 52 Kan. 486 (36 Pac. 983) ; Weiss v. Am. Fire Ins. Co., 148 Penn. St. 349 (23 Atl. 991). The case in hand is not one where the appointee renewed his debt, but where the insured executed to the appointee a subsequent mortgage on a portion of the insured property not embraced in the appointee's original security. It does not matter that the subsequent mortgage was to secure the same debt, since the policy forbade any subsequent encumbrance by chattel mortgage. The insurer evinced its willingness to pay the loss, if any, to the insured's appointee according to the then existing status, but specially stipulated that the insured should not change that status by a subsequent chattel mortgage. A case much in point is that of Atlas Reduction Co. v. New Zealand Ins. Co., 121 Fed. 929. The insurance company issued its policy to the Atlas Reduction Company. Thirty days thereafter the insured gave a mortgage on certain real estate and also a chattel mortgage to D. and S., and on the same day the company's agent indorsed on the policy a statement that loss, if any, was payable to D. and S. as their interest might appear, subject to the conditions in the policy. The policy contained a clause, that, unless otherwise provided by agreement indorsed thereon, it would become void "if the subject of insurance be personal property, and be or become encumbered by a chattel mortage." The insurer had no actual knowledge of the mortgage at the time the indorsement was made on the policy, and it was held that this indorsement was not sufficient to show the assent of the insurance company to the chattel mortgage. We think that this contention of the defendant in error is also un-

sound. The execution of the chattel mortgage violated the condition of the policy against encumbrance; and it was error to direct a verdict in favor of the plaintiff.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*