26104. MERCHANT'S FIRE ASSURANCE CORPORATION OF NEW YORK v. TUCKER et al.

DECIDED JULY 3, 1937.

*Lamar C. Rucker,* for plaintiff in error.

*Wolver M. Smith, Rupert A. Brown,* contra.

FELTON, J. M. A. Tucker and S. J. Tucker sued on a fire-insurance policy. At the time the policy was issued the title to the property was in the plaintiffs and eight brothers and sisters, each owning a tenth interest. For the purpose of this decision it may be stated that at the time the policy was issued the insurance company had knowledge of the interest of the owners and of the fact that one of them, Mrs. Culbertson, had executed a security deed to T. W. Morrison to her interest. Likewise it had notice that M. A. and S. J. Tucker contemplated buying Mrs. Culbertson's interest and giving Morrison "their deed" to secure the debt owed by Mrs. Culbertson. The evidence showed that subsequently to the issuance of the policy, M. A. and S. J. Tucker bought Mrs. Culbertson's tenth interest and executed to Morrison a security deed conveying a three-tenths interest in the property. There was no evidence to the effect that the company had any notice of any intention on the part of M. A. and S. J. Tucker to encumber a three-tenths interest to secure Mrs. Culbertson's obligation. The most it showed was that they intended to secure it with the interest they were purchasing. The execution of a security deed to an additional two-tenths interest in the property voided the policy under its provision that it should be void if there were any change in the interest, title, or possession of the insured property, whether by legal process or judgment or by voluntary act of the insured, or otherwise. *Phœnix Ins. Co.* v. *Asberry,* 95 *Ga.* 792 (22 S. E. 717) ; *Northwestern Fire & Marine Insurance Co.* v. *Bank of Thomasville,* 38 *Ga. App.* 32 (142 S. E. 212), and cit.

The defendant in error contends that Morrison was a tenant in common at the time of the issuance of the policy, citing *Welch* v. *Agar,* 84 *Ga.* 583 (3), 587 (11 S. E. 149, 20 Am. St. R. 380),

140

and *Peck* v. *Walson,* 165 *Ga.* 853, 858 (142 S. E. 450, 57 A. L. R. 560) ; and that the acquiring of additional interests afterward did not so change the status of the title as to void the policy. Conceding for the purpose of argument that the grantee in a security deed, under certain circumstances, might be properly considered a tenant in common with the cotenants of the vendor, the execution of lien or title to a stranger to the *absolute* and *unconditional* title, without the consent of the insurer, voids the policy. The cases of *Hartford Fire Ins. Co.* v. *Liddell,* 130 *Ga.* 8, 12 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. R. 157) ; *Alston* v. *Phenix Ins. Co.,* 100 *Ga.* 287 (27 S. E. 981), and *Georgia Home Ins. Co.* v. *Hall,* 94 *Ga.* 630 (21 S. E. 828), cited by counsel for defendant in error as authority to the contrary, were partnership cases, and those decisions held simply that a mortgage or bill of sale from one partner to another is not such a mortgage or encumbrance as will avoid the policy. The reason for this is that no encumbrance is given to a stranger to the absolute title to the property. That is not this case, as is apparent on the face of it. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*