30540. SWEET *v.* AWTRY *et al.*

DECIDED JUNE 28, 1944.

342

*G. Seals Aiken, Benjamin F. Sweet,* for plaintiff.

*Neely, Marshall & Greene, B. Hugh Burgess,* for defendants.

FELTON, J. 1. The court correctly found that George Awtry had not been personally served, and it is conceded, by silence, that a finding was correct to the effect that no guardian ad litem was

appointed to represent him. "Service of a petition and process upon a minor, by leaving a copy thereof at his most notorious place of abode, is not authorized . . and could not be the basis of a valid judgment." *Wheeler* v. *Martin,* 145 *Ga.* 164, 168 (88 S. E. 951). However, we think the court erred in holding in effect that George Awtry had not waived legal service by participating in the case through one presumably acting for him with authority, by filing a brief and a motion for a rehearing in the case in the Court of Appeals after he had attained his majority. Although such brief and motion were not signed by the attorney who represented him in the trial, as shown by the signature to his answer in the case, such papers were signed by an attorney and attorneys at law, purporting to act as attorney and attorneys for *both* parties defendant in the case. This alone is enough to raise the presumption, and a conclusive one, in the absence of any evidence whatever to the contrary, that such participation and representation were duly authorized. *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190). Voluntary appearance after majority suffices to give the court jurisdiction. *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380); Code, § 81-209. The court erred in sustaining the motion to dismiss, and in dismissing the above action as to George Awtry.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*