Where a case against a minor and a corporation was tried without service having been perfected as to the minor, and without a guardian ad litem having been appointed for him; and where, after the minor had attained his majority and the case was in this court on appeal, a brief and a motion for a rehearing were filed by the firm of lawyers who filed the answer for the corporation in the trial court, such brief and motion for a rehearing being signed by them as attorneys for "defendants in error" and "movants" — the filing of such brief and motion, in the absence of any rebutting evidence to show that such attorneys had no authority to represent the individual defendant, is sufficient to give the Court of Appeals and the trial court jurisdiction of the individual defendant, and the court below erred in holding to the contrary.
 DECIDED JUNE 28, 1944.
Frank Sweet sued George Awtry and Awtry Lowndes Company, a corporation, for damages for personal injuries. George Awtry filed an answer through B. Hugh Burgess, his attorney. The corporation filed an answer through Neely, Marshall Greene, its attorneys. On January 8, 1944, George Awtry filed a motion to dismiss the action as to him, alleging that he became 21 years of age on October 3, 1943, and that subsequently to that time he had taken no action whatsoever in the case either by himself or through an attorney at law; that at the time of the acts complained of, and at the time of the institution of the suit, and at the time of the trial of the case, he was minor; that he had never been legally served with a copy of the petition and process, that he had never waived service, and that no guardian ad litem had been appointed to represent him in said litigation. Sweet filed general demurrers to the motion to dismiss which were overruled, and he filed exceptions *Page 342 
pendente lite. On the hearing of the motion George Awtry, through counsel, proved the date of his birth to have been October 19, 1922. J. W. Awtry testified that he understood that all the necessary fees in the case for representing him and George Awtry had been paid by an insurance company, and that neither he nor George Awtry had paid anything, and that neither had been asked to pay anything. Sweet introduced in evidence a supplemental reply brief for the defendants in error in this case when it was pending in the Court of Appeals on appeal from the verdict and judgment upon a trial of the case as brought, signed by Neely, Marshall and Greene, attorneys for defendants in error, showing "served the within and foregoing brief on . . this 9th day of November, 1943;" also a motion for rehearing in the Court of Appeals in the case, filed December 13, 1943, signed by "Neely, Marshall and Greene, counsel for movants." The court passed the following order: "1. From the undisputed evidence the court finds as a fact and rules as a matter of law: (a) that at the time of the institution of this action and at the time of the trial of the case, George Awtry was an infant, less than twenty-one years of age; (b) that George Awtry was not served personally with copy of petition and process; (c) that no guardian ad litem was appointed to represent him in the case; and (d) that his appearance in court as a witness and by and through B. Hugh Burgess, Esq., as his attorney at law, does not estop him from making motion to dismiss the case on the ground that the court never acquired jurisdiction of him. 2. The court holds as a matter of law that George Awtry after reaching his majority on October 18, 1943, did no act or thing which would give the court jurisdiction over him which would estop him from filing said motion to dismiss. 3. The court holds as a matter of law that the court is without jurisdiction of George Awtry. Wherefore, the motion of George Awtry to dismiss the action against him is sustained, and said action, as to George Awtry, is hereby dismissed." Exception is to the above order, and the order overruling the general demurrers to the motion to dismiss.
1. The court correctly found that George Awtry had not been personally served, and it is conceded, by silence, that a finding was correct to the effect that no guardian ad litem was *Page 343 
appointed to represent him. "Service of a petition and process upon a minor, by leaving a copy thereof at his most notorious place of abode, is not authorized . . and could not be the basis of a valid judgment." Wheeler v. Martin, 145 Ga. 164, 168
(88 S.E. 951). However, we think the court erred in holding in effect that George Awtry had not waived legal service by participating in the case through one presumably acting for him with authority, by filing a brief and a motion for a rehearing in the case in the Court of Appeals after he had attained his majority. Although such brief and motion were not signed by the attorney who represented him in the trial, as shown by the signature to his answer in the case, such papers were signed by an attorney and attorneys at law, purporting to act as attorney and attorneys for both parties defendant in the case. This alone is enough to raise the presumption, and a conclusive one, in the absence of any evidence whatever to the contrary, that such participation and representation were duly authorized.Edwards v. Wall, 153 Ga. 776 (113 S.E. 190). Voluntary appearance after majority suffices to give the court jurisdiction. Welch v. Agar, 84 Ga. 583 (11 S.E. 149, 20 Am. St. R. 380); Code, § 81-209. The court erred in sustaining the motion to dismiss, and in dismissing the above action as to George Awtry.
Judgment reversed. Sutton, P. J., and Parker, J., concur.