No. 110.—SARAH II. COALSON, plaintiff in error, *vs.* JOSEPH TOOKE, executor, defendant in error.

[1.] S H C, the widow of A J C and B B, applied for letters of administration upon the estate of A J C, deceased. The application was resisted, on the ground that A J C died testate. This will being proven in solemn form, the same was admitted to record. S H C moved to set aside the probate that she was an infant during said proceeding, and did not attain to the age of 21 until 12 months after its termination: *Held,* that the probate, under the special facts of the case, would not be opened for her benefit.

Coalson *vs.* Tooke, ex'r.

Motion to set aside probate of will, in Houston Superior Court.

For the facts of this case see the decision of the Court.

KILLAN, for plaintiff in error.

BAILEY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Sarah H. Coalson and Bryant Batton applied for letters of administration upon the estate of Andrew J. Coalson, deceased, the husband of the said Sarah H. to the Court of Ordinary of Houston County. The application was caveated and resisted by Joseph Tooke and Jacob Watson, who moved to prove and set up an alleged copy of a will of said deceased, in which the said Tooke was named as executor.

The Court of Ordinary, at its September Adjourned Term, 1852, awarded judgment against the granting of administration, and set up and admitted to probate and record the copy will, the same having been proven in solemn form. An appeal was entered to the Superior Court by Mrs. Coalson and Batton; and the Special Jury having found that Coalson died testate, and that the paper propounded was a true copy of his last will and testament, the original having been destroyed, the judgment of the Ordinary was affirmed.

Whereupon, a writ of error was prosecuted by Mrs. Coalson and Mr. Batton to this Court; and after argument had at the February Term, 1853, the judgment of the Circuit Court was affirmed.

Mrs. Coalson now presents herself, and representing that she had not attained to the age of 21 until after the termination of these proceedings, the whole thereof may be annulled as irregular, illegal and voidable, if not absolutely void.

Is she entitled to this indulgence?

Whether founded upon solid grounds or not, the distinction seems to be well established in the books, that while infant plaintiffs will be bound by decrees and judgments, infant defendants will not, unless the same are manifestly for their benefit, or unless a day is given them in Court, after coming of age, to look into the proceeding. (*Bingham on Infancy,* 118. 5 *Bac. Abr.* 123, 147. 2 *Coke's Just.* 383. 18 *Eng. Ch. Rep.* 224, 225. 1 *Daniel's Ch. Rep.* 92. 2 *Sch. & Lef.* 159. 2 *P. Wms.* 519. 2 *Ball & B.* 454.)

The position of Mrs. Coalson to this litigation, is somewhat doubtful. She is the movant, it is true; but then she is met with a caveat, which not only defeats her application, but sets up a new, substantive and independent issue. Had the defence stopped with resistance to her application, upon the plea, for example, that she was a minor, and therefore incapable of administering, the question would have been a plain one. She would have sustained the relationship of plaintiff to the proceeding, unquestionably. But suppose an infant were to sue, at Law, upon a monied demand, and the defendant plead a set-off and get judgment for a balance, could such a judgment be set aside upon the ground that the original plaintiff in the case, though defendant in the judgment, was an infant?

I confess myself somewhat puzzled to solve the difficulty.

But is there not another principle involved in this case; and that is, what is the effect of proving a will in solemn form? Some of the authorities hold, that like a decree in admiralty, it binds every body, whether made parties to the proceeding or not, and whether infants or adults. That infant legatees are bound is clear, unless the executor colludes with the next of kin or is guilty of gross *laches.* Mrs. Coalson is a legatee of her husband's will; but this doctrine cannot apply to her, because, instead of being represented by the executor, his interest is antagonistic to hers. She takes more by the Statute of Distributions than she does by the will. (1 *Greenleaf's Ev.* §§541, 543, 550. 2 *Smith's L. C.* in notes, top, pages 433, 434, 435, 440, 442.)

Coalson *vs.* Tooke, ex'r.

This case is environed with troubles.

Mrs. Coalson must be considered as being present "at the probation and approbation" of this testament, to use the quaint language of Peter Loveless and other old writers on wills. She, in connection with Bryant Batton, who was, in fact if not in form, her next friend, contested the validity of the will through three Courts. According to her own statement, she lacked only one year of attaining her majority when the last judgment was rendered. She had been a wife and was now a widow. Shall this probate be now set aside at her instance, admitting that there was some oversight or irregularity in not placing it upon the record that she appeared, by her guardian *ad litem*, Bryant Batton? Would not this be sacrificing the substance for the shadow? Would it not shock the moral sense?

Without intending to intimate, then, what would be the opinion of this Court as to the effect of the probate of a will in solemn form, should a *feme covert*, or *infants*, be omitted in the notice; or if cited, having no *prochein ami*, or guardian *ad litem*, appointed to represent their interest, we hold, under the special facts and circumstances of this case, that this party is not entitled to have the probate of the will re-opened for her benefit.