## BURNETT *v.* SUMMERLIN *et al.*

1. A voluntary deed from a father to his son " and his children " and their heirs and assigns, conveying a tract of land, " for the use and benefit of the [son] during his natural lifetime and to his children at his death, but in no event to be subject to the debts, contracts, or liabilities of " the son, with habendum clause to the son " and his children, their heirs, executors, administrators, and assigns, in fee simple," conveyed to the son a life-estate with remainder to his children.

2. In a suit respecting the title to this land, to which a child born to the son after the execution and delivery of the deed was made a party and process prayed against her and served upon her, she should be represented by a guardian ad litem. Where this is not done, an award against her is not binding upon her and should not have been made the judgment of the court.

3. There was no error in any other of the rulings of which complaint is made.

Argued March 6, — Decided April 4, 1900.

Exceptions to award. Before Judge Felton. Bibb superior court. April term, 1899.

*M. G. Bayne,* for plaintiff in error.
*Hardeman & Moore,* contra.

SIMMONS, C. J. In 1881 Samuel B. Burnett made to his son George W. E. Burnett, and the children of the latter, a deed to a certain tract of land in Bibb county, Georgia. The deed was voluntary. Its material parts were as follows: " by these presents does grant, bargain, sell, alien, convey, and confirm unto the said George W. E. Burnett and his children, and their heirs and assigns, all that lot or parcel of land [describing it] ; for the use and benefit of the said George W. E. Burnett during his natural lifetime and to his children at his death, but in no event to be subject to the debts, contracts, or liabilities of the said George W. E. Burnett. To have and to hold the said above granted and described property . . to the only proper use,

benefit, and behoof of them, the said George W. E. Burnett and his children, their heirs, executors, administrators, and assigns, in fee simple." It concludes with a warranty clause. At the time of the execution of this deed the son had one child living. Subsequently another child was born to him. At the time of the execution of the deed, the grantor, by another deed, conveyed to his daughter, Mrs. Summerlin, an adjoining tract of land. A dispute arose between Mrs. Summerlin and her brother, George W. E. Burnett, in regard to the boundary between the two tracts. Mrs. Summerlin filed an equitable petition, alleging that there was a mistake in the deeds in that the numbers of the lots were incorrectly set forth. She prayed a reformation of the deeds by a correction of the land-lot numbers. She also alleged that George W. E. Burnett was in possession of a part of the land given to her by their father, and of that part she prayed that she be put in possession. She made George, his two children, and the grantor's administrator parties to the suit, praying in her petition that the court should appoint a guardian ad litem for the younger child, a minor, in the event it should appear that such child had any interest in the litigation. By consent of parties, the court ordered all the matters in controversy to be submitted to arbitration. The arbitrators met, and in their award reformed the deeds as prayed in the petition, and awarded the land in dispute to Mrs. Summerlin. The award was returned to the court, and certain exceptions were filed thereto. Burnett moved the court to appoint a guardian ad litem for the minor child. The court refused to do this, and exception was taken to this ruling.

1. The trial judge must have thought that the minor, under the phraseology of the deed above set forth, had no interest in the land conveyed, or he would have appointed a guardian ad litem to represent her in the litigation. The first part of the granting clause of the deed and also the habendum clause would seem to sustain him in this conclusion, for the grant is to the son "and his children." Had the granting clause stopped there, the trial judge would undoubtedly have been right in his conclusion. The rule in Wild's case would then have applied, and the title have vested in the son and his then-living child as tenants

in common, to the exclusion of after-born children. But the granting clause, after describing the land, went on to declare that the son was only to have a life-estate. The latter part of the granting clause is somewhat repugnant to the first part, but courts do not declare deeds void for repugnancy, if, taking the whole deed together, the intention of the grantor can be arrived at; nor will they construe a deed so as to give an estate under the first clause if the intention of the grantor to give a different estate can be ascertained with reasonable certainty. It is only where the two clauses of the deed are utterly inconsistent that the first prevails. Section 3607 of the Civil Code declares: "If two clauses in a deed be utterly inconsistent, the former must prevail, but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Construing as a whole the deed now under consideration, we are of opinion that the grantor clearly intended to convey only a life-estate to the son, with remainder over to the son's children. See *Bray* v. *McGinty, 94 Ga.* 192, and cases cited. The deed was evidently prepared by a person not skilled in conveyancing. It would seem certain that neither he nor the grantor knew the effect of the first part of the granting clause. To express his intention more fully and clearly, he must have added the latter part of the clause. This latter portion shows that the grantor did not intend that the son and his then living child should take the land in fee as tenants in common. His intention was that the son should have the life-estate and that the children living at the time of the death of the son should then take the remainder. *Goodrich* v. *Pearce, 83 Ga.* 781, 785. An additional evidence of his intention is the provision that the land shall in no event be subject to the debts, contracts, or liabilities of the son but go unencumbered to the remaindermen.

2. It follows from the above, that the minor daughter of Burnett had an interest in the land conveyed by her grandfather and should have been represented in the litigation by a guardian ad litem. She not having been so represented, the award was not binding on her, and should not have been made the judgment of the court.

3. There was no error in any other of the rulings of which complaint is made.

*Judgment reversed. All the Justices concurring.*