MARYLAND CASUALTY COMPANY *v.* LANHAM, by next friend.

124  859
f130  472

1. Where a suit was brought against a minor for a tort alleged to have been committed by him, and personal service was made upon him, but no guardian ad litem was appointed, under the Civil Code, §4987, the suit was not in proper condition to proceed to judgment by default against the minor; and where a judgment was thus rendered, it was properly set aside on motion duly made therefor.
2. Where a company insured plate-glass windows against breakage, if one of them was broken by reason of the tortious conduct of a person who threw a rock against it, and thereupon the insurance company, by agreement with the insured, expended a certain amount in replacing the glass, claimed to be subrogated to the rights of the insured against the wrong-doer, and brought suit against him for the tort, as between the plaintiff and the defendant the amount of damages was not liquidated, but under the Civil Code, §5073, although the case was in default, it was necessary to introduce evidence in order to establish the amount of such damages.
3. It was provided by the act of September 27, 1883 (Acts 1882-3, p. 538, §9), that in the city court of Floyd county the, trial of all issues of fact "shall be by the court, without a jury, except where either party in a civil case, or the defendant in a criminal case, shall, in writing, demand a trial by jury."
4. In an action for a tort, where there is some fixed rule for measuring damages, the jury may, under proper circumstances, increase the amount by adding interest, but the verdict should be for one aggregate sum, and should not find an amount as principal and a separate amount as interest.

Argued January 23,—Decided February 16, 1906.

Motion to set aside judgment. Before Judge Hamilton. City court of Floyd county. June 3, 1905.

The Maryland Casualty Company brought its action for damages against William Lanham, on account of an alleged tort in breaking a plate-glass window with a stone. The plaintiff was an insurance company, one feature of the business of which was to insure against losses by breakage of plate glass. It alleged, that it had been obliged, under this contract of insurance, to replace the broken glass at an expense of $85, which it did on October 25, 1902; and that the owners of the glass had transferred to it all their rights against Lanham, and the plaintiff was subrogated thereto. It further alleged, that Lanham was a minor, but that he had arrived at those years of discretion and accountability when he would be criminally liable, and was possessed of sufficient capacity to have deliberately

committed the tortious act with a knowledge of its consequences. It prayed that judgment be rendered in its favor for $85, with interest from October 25, 1902. Personal service was made by the sheriff on William Lanham, the defendant. On January 7, 1904, the judge of the city court of Floyd county rendered a judgment, reciting that, no issuable defense having been filed, the plaintiff should recover of the defendant $85 principal, $7.15 interest, and costs. On February 25, 1905, the defendant, by his next friend, H. Lanham, made a motion to vacate and set aside the judgment, alleging, that William Lanham was a minor; that no guardian ad litem had ever been appointed for him; that judgment was taken against him by default; that no evidence was introduced as to the amount of damages, which were unliquidated; and that a judgment was rendered without a verdict, finding a principal sum, with interest. The presiding judge sustained the motion and set aside the judgment. The plaintiff excepted.

*Lipscomb & Willingham,* for plaintiff.
*Seaborn & Barry Wright,* for defendant.

LUMPKIN, J. (After stating the facts.) 1. "Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by this code for criminal offenses." Civil Code, § 3904. As to the liability of an infant for torts, see also 38 Am. Law Rev. 371. This rule refers to the liability of an infant for his torts, and not to the proper manner of bringing suit against him therefor. So likewise the rule that the exemption of an infant generally from liability on his contracts is a personal privilege (Civil Code, § 3649) does not affect the proper method of suing and serving an infant.

The rule was long since announced that a suit brought against a minor should be defended in his own name, but that a guardian ad litem should be appointed for him; and that this power of appointment was one incident to the court. *Nicholson* v. *Wilborn,* 13 *Ga.* 467; *Oliver* v. *McDuffie,* 28 *Ga.* 522; *Jack* v. *Davis,* 29 *Ga.* 219; *Kilpatrick* v. *Strozier,* 67 *Ga.* 247; *Burnett* v. *Summerlin,* 110 *Ga.* 349. Under the act of 1854 (Civil Code, §§ 4863, 4864), authorizing the judges of the superior courts in chambers, upon petition, to change trustees or order a sale of trust property, etc., and providing that if minors were interested and had no guardians,

guardians ad litem should be appointed and notified before the cause proceeded, it became the practice, not to notify the infant, but to appoint a guardian ad litem to represent him; and this was held to be sufficient until the act of 1876 was passed, which provided differently. *Harvey* v. *Cubbedge,* 75 *Ga.* 792; *Adams* v. *Franklin,* 82 *Ga.* 168. That act required personal service on the minor (Acts 1876, p. 103). As amended by the act of 1879 (Acts 1878-79, p. 140), it is codified in the Civil Code, § 4987. By that section it is provided that if the minor is under the age of fourteen years, service is to be perfected by delivering a copy of the proceedings to such minor personally; and in cases where there is a statutory or testamentary guardian or trustee representing the interest of the minor to be affected by the legal proceeding, service as usual on such guardian or trustee shall be sufficient to bind the minor's interest in their control, to be affected by said proceedings; and that if the minor is over fourteen years of age, service may be made by delivering to him personally such copy. It then declares, "When the returns of such service are made to the proper court, and order taken to appoint said minor a guardian *ad litem,* and such guardian *ad litem* agrees to serve, all of which must be shown in the proceedings of the court, then said minor shall be considered a party to said proceedings." Except where expressly otherwise provided in this statute, there must be personal service and a guardian ad litem must be appointed; and it is only when this shall have been done and made to appear in the proceedings of the court that "then said minor shall be considered a party to said proceedings." In the present case the age of the minor does not appear, nor was any guardian ad litem appointed, though his minority was alleged. The case could not therefore legally proceed to judgment against him. The decision in *Bartlett* v. *Batts,* 14 *Ga.* 539, that a suit commenced and prosecuted by an infant alone without a next friend is not absolutely void, but, though defective, is cured by verdict, does not conflict with the ruling here made. See Thorp *v.* Minor, 109 N. C. 152.

2, 3. While the plaintiff may have paid the amount for which it conceded that it was liable, under its insurance policy, to the owners of the property damaged, and have become subrogated to their rights as against the tort-feasor, as against him this did not liquidate the amount of his liability, if any. That the company expended a

certain amount in replacing the glass would not be conclusive upon the defendant that the amount of such expenditure was necessary or proper. Under the Civil Code, §5073, where damages are not liquidated and a judgment by default is rendered, the plaintiff is required to introduce evidence and establish the amount of such damages. By the act of September 27, 1883 (Acts 1882-3, p. 538, §9), it is provided that in the city court of Floyd county the trial of all issues of fact "shall be by the court, without a jury, except where either party in a civil case, or the defendant in a criminal case, shall, in writing, demand a trial by jury." In the absence of anything appearing to the contrary, this court would probably presume that the judge acted on proper evidence.

4. In an action for a tort, where there is some fixed rule for measuring damages, the jury may, under proper circumstances, increase the amount by adding interest; but the verdict should be for one aggregate sum, and should not find an amount as principal and a separate amount as interest; nor should the verdict exceed the sum sued for. *Central Ry. Co.* v. *Hall, 124 Ga. 322.*

     *Judgment affirmed. All the Justices concur.*