## MOREHEAD *v.* ALLEN *et al.*

1. Under the issues made by the pleadings, the evidence introduced, and the agreements of parties, stated in the bill of exceptions in this case, it was error to hold that, "in a proceeding of this sort, the plaintiff could not rely on any title or rights which she might have to the land in dispute, derived from the sale made by the United States marshal, and the deed of said marshal thereunder, to J. W. Lathrop & Co., but the only questions which could properly be considered were, whether the deed made by W. D. Allen in 1871, conveying the land in dispute to his wife for life, with remainder to the children therein named, conveyed the remainder interests in said land to the defendants, and whether the deed made by Mrs. Susan W. Allen, under the decree of Judge Hill, rendered December 13th, 1873, conveyed such remainder interests to J. W. Lathrop & Co."

2. As a new trial is ordered, the entire decree is set aside. If it was intended to adjudicate that the order of the judge of the superior court, granted in 1873, was a decree in open court, this will be open for redetermination, in view of the fact that the heading of such order recites that it was granted "at chambers" (although during the continuance of a term of court), and in view of the other evidence.

3. It was held in *Adams* v. *Franklin,* 82 *Ga.* 168, that prior to the act of 1876, "requiring minors to be personally served, service of their guardian 'ad litem was in accordance with the practice of courts of equity at the time, and was sufficient."

4. There was no error in overruling the demurrer to the defendants' answer, or in allowing the amendment.

5. Where the plaintiff alleged, that certain proceedings to obtain an order for the sale of property which had been conveyed to a married woman for life, with remainder to her children, were filed by her on behalf of herself and children, to obtain an order to make a conveyance; that she had the advice and assistance of able counsel; and that he prepared the petition for her, the children could deny that the attorney had authority to file the petition, and that their mother authorized it, or

knew anything of it until after the order was granted; and could set up that then she was induced to sign a deed purporting to convey both her interest and theirs, but that they were not bound thereby.

6. Under the facts as they appear in the record in this case, there was no error in admitting the evidence of the life-tenant, who was not a party to the record or in interest in such sense as to render her incompetent, and who would not be bound by the result, although the persons alleged to have dealt with her were dead.

Submitted October 15, 1906.—Decided February 26, 1907.

Equitable petition. Before Judge Felton. Houston superior court. October 6, 1905.

*Fort & Grice, W. L. & Warren Grice, Duncan & Duncan,* for plaintiff.

*J. H. Hall, Miller & Jones, Warren Roberts,* for defendants.

LUMPKIN, J. 1. Mrs. Morehead brought her equitable petition against A. S. Allen and J. H. Allen. The plaintiff alleged, among other things, as follows: Allen, the father of the defendants, was heavily in debt. In 1871, in order to hinder, delay, and defeat his creditors, he made a deed conveying certain lands to his wife for life, with remainder to their children. This intent was known to the wife. The deed purported to be for a consideration, but was really voluntary. Lathrop & Co. were among his creditors at the time. Later they obtained judgment in the United States court, caused the land to be levied on, and had it sold at marshal's sale, and became the purchasers. An agreement to compromise was effected between Lathrop & Co. and Allen and his wife. The wife, for herself and as next friend of the children, filed an equitable petition, reciting, among other things, that the marshal's sale left it in doubt as to who might finally hold the lands; and obtained an order authorizing her to make a conveyance to Lathrop & Co., covering both the life-estate and remainder in 700 acres of the land, upon their making a conveyance to her for life, with remainder to the children, covering 500 acres. This was done. The children are now asserting that they have title in remainder to the 700 acres, and that the proceedings and conveyance were invalid as to them. Plaintiff holds the land as the successor of Lathrop & Co. Other reasons for filing this proceeding to quiet the title or remove a cloud from it were alleged. It was prayed, that the deed of Allen, made in 1871, in so far as it covered the land claimed by plaintiff, and in so far as it purported to convey title in remainder to the defendants, be decreed to be void; that defendants be

enjoined from attempting to disturb the title or possession of plain-- tiff; and that general relief be granted. By amendment the plain- tiff set up that she claimed title to the estate in remainder in the 700 acres conveyed to Lathrop & Co. under the decree or order referred to above, and also under the marshal's deed; and she prayed, that, in the event the decree should be held void as to the remainder in that part of the land, it should also be decreed void as to the remainder interest in the 500 acres; and that the title to such remainder interest should be held invalid, and the deed of 1871 be canceled as to the remainder interests of the defendants in the 700 acres; and that she should be decreed to have title to all of the interests of the defendants therein, and also to "two thirds" of defendant's interest in the 500 acres conveyed to them by said decree, by virtue of her title derived from the marshal's sale. The defendants denied that the original deed was fraudulent or without consideration; asserted that the proceedings before the judge of the superior court, and his order thereon for the conveyance of the life-estate and remainder to Lathrop & Co., were invalid, so far as the remainder was concerned; and that the defendants had a perfect title to the remainder interests; "and in order that com- plete justice may be done at this time," they prayed, that a decree be entered adjudging that the deed to Lathrop & Co., in so far as it attempted to convey the interests of the remaindermen, was abso- lutely void; that it be delivered up and canceled; and that the de- fendants should have such other and further relief as might be equitable and just.

The bill of exceptions alleges that it was agreed that the plaintiff had the same title to the lands in dispute that Lathrop & Co. held,. and that she had succeeded to their title by deed or inheritance;. and also that "it was agreed that all points and exceptions as to nonjoinder and misjoinder of parties be waived, and that the case proceed to trial as though all proper parties were before the court;" also that the presiding judge should pass on the questions, both of law and fact, without a jury. Evidence was introduced on the various subjects of controversy, including evidence as to the mar- shal's deed, the financial condition of Allen at the time he made the deed to his wife and children, and the consideration thereof. The bill of exceptions recites as follows: "At the conclusion of the testimony, and after the argument of counsel, the court held

and ruled as follows: that, in a proceeding of this sort, the plaintiff could not rely upon any title or rights which she might have to the land in dispute, derived from the sale made by the United States marshal, and the deed of said marshal thereunder, to J. W. Lathrop & Co., but the only questions which could properly be considered were, whether the deed made by W. D. Allen in 1871, conveying the land in dispute to his wife for life, with remainder to the children therein named, conveyed the remainder interests in said land to the defendants, and whether the deed made by Mrs. Susan W. Allen under the decree of Judge Hill, rendered December 13th, 1873, conveyed such remainder interests to J. W. Lathrop & Co."

From the foregoing statement touching the pleadings and evidence, it is clear that the whole question of the title of the plaintiff and defendants was put in issue; that the plaintiff did not rely solely upon the order of the judge of the superior court and the deeds made under it, but also set up the marshal's deed, alleged that the deed made by Allen to his wife and children was fraudulent, and sought relief if the deed of Mrs. Allen to them were held void as to the remainder. It was sought to settle the entire question; and all questions as to parties were waived. We do not clearly see why the judge of the superior court held that a part of the issue thus raised could not be considered, and confined his consideration to only one branch of it. In this we think he erred.

2. Counsel for plaintiff in error contend that the proceedings and order under which the life-tenant made a deed seeking to convey both the life-estate and remainder, can not be treated as a proceeding and order of a judge at chambers, but must be considered as a proceeding and decree in open court. Counsel on both sides have in their briefs discussed at some length the effect of these proceedings and this order, and whether they had any such effect in law as to bind the children and prevent their asserting the invalidity of the conveyance by their mother of their remainder interest. It is contended on behalf of the plaintiff in error that this point was adjudicated by the judge of the superior court in his decree in this case; that no cross-bill of exceptions was filed; and that therefore it is conclusively determined, whether the decision as to that point be correct or not. We are not quite clear as to the exact intention of the learned judge of the Macon circuit in

this part of the decree. It reads as follows: "It is further con-
sidered, ordered, and decreed that the order of the honorable B.
Hill, judge superior courts Macon circuit, entered upon the ex
parte proceedings of date December 12th, 1873, the order being
dated December 13th, 1873, authorizing Susan W. Allen to convey
to J. W. Lathrop & Co. the interest of the said Alexander S. Allen,
Maggie L. Allen, and John H. Allen in the 700 acres of land de-
scribed in the petition, while based on a term-time proceeding, and
entered in term, is void for the want of jurisdiction of the subject-
matter." It will be noticed that the judge does not directly ad-
judicate that these proceedings were had in open court, but recites
that "while based on a term-time proceeding, and entered in term,"
the order was void. It also describes the action of the judge under
consideration as an order, not a decree; and refers to the proceed-
ings on which it was entered as "ex parte proceedings." If this
was an adjudication that what transpired was in open court, it
would seem to also adjudicate that an order, not a decree, was
passed, and that the proceedings were ex parte. If it be said that
by reference to the proceedings then under consideration, copies
of which appear in the record, it will be seen that a guardian ad
litem was appointed and required to show cause and make answer,
it will also be seen, by the same reference to that record, that the
order passed by the court did not on its face purport to have been
passed in open court, but at its head. contained a recital: "At
Chambers, Perry, Ga., Dec. 12th, 1873." Orders are often passed
in chambers and chambers proceedings had between the beginning
of a term of court and its adjournment. Thus, applications for
interlocutory injunctions, the appointment of ad interim receivers,
and the like, take place at chambers, although during a term of
court. Nor does the fact that the proceedings were entered on the
minutes fix their status as having transpired in open court. Or-
ders granted in vacation may likewise appear on the minutes.
Civil Code, §§ 4864, 3172. In the case of McGowan v. Lufburrow,
82 Ga. 523, there was evidence from which the court held that it
could be found that the proceedings were in open court. In fact
a witness testified that the application was presented in open court
on the first day of the term; and the decree passed was put on the
minutes of the court of that day. The reporter's statement indi-
cates that the order was headed "In chambers," but Simmons, J.,

in delivering the opinion, said: "It is true that on the back it is marked, 'In chambers;' but these words were left out by the clerk when he recorded the decree on the minutes of the court." This decision went quite far in the way of protecting bona fide purchasers for value, and it is discussed at considerable length in the case of *Richards* v. *East Tenn. Ry. Co.*, 106 *Ga.* 640, 641, 664, 669, 672, both by Mr. Justice Lewis on behalf of the majority of the court, and in the dissenting opinion of Chief Justice Simmons, who prepared the opinion in the *McGowan* case. In the *Richards* case there was reference to a term of the court, made by the judge in signing the order or judgment; the petition had entered on its back "January Adjourned Term, 1871," and there were other indicia from which it was held that the proceeding was one by the court, rather than an order of a judge at chambers. "When an order appears in the transcript of the record which could be regularly and properly granted by the superior court in term time only, and there is nothing to show that it was in fact granted at chambers or in vacation, the presumption is that it was granted in term." *Skinner* v. *Roberts*, 92 *Ga.* 366. But we do not think that such a presumption would arise if the order recited on its face that it was granted at chambers.

As this case will be returned for another trial, we do not now adjudicate the status of the proceedings referred to, or enter into a discussion of the power of a court of equity in regard to the estates of minors upon regular proceedings or in a regular case in open court, with proper parties present. We have thought it proper to discuss them as far as stated above, because of the contentions of counsel in regard to them, in connection with the proceedings themselves and the decree of the court.

3. Counsel for defendants in error suggest in their brief that even if the action taken should be treated as a regular proceeding in equity, the minors were not served. But it has been held that prior to the act of 1876 (Civil Code, §4987) the appointment of and service on a guardian ad litem was in accordance with the practice of the courts of equity at the time, and was sufficient. *Harvey* v. *Cubbedge*, 75 *Ga.* 792; *Adams* v. *Franklin*, 82 *Ga.* 168. The act of 1876 has been treated as changing the practice and requiring service upon minors; at least unless otherwise provided by the legislature. What was said in *Furr* v. *Burns*, 124 *Ga.* 745,

is not an adjudication to the contrary.   Nearly all of the States of the Union, if not all of them, now have statutes requiring service on minors.   Presumptions have been entertained in favor of orders authorizing sales or mortgages by a trustee even at chambers, where there was jurisdiction.  *Wagnon* v. *Pease,* 104 *Ga.* 417; *Reinhart* v. *Blackshear,* 105 *Ga.* 799.   But not if there was none.

4-5.  Under the view which we have taken there was no error in overruling the demurrer to the defendants' answer nor in allowing the amendment and evidence in support of it.   The plaintiff in the present case alleged, that Mrs. Allen filed the petition to the judge of the superior court on behalf of herself and as next friend of her children, to obtain the order to make the deed; that in making the agreement with Lathrop & Co. she had the advice and assistance of able counsel, and that he prepared the petition for her.   On behalf of the children it was competent to deny this, and to show that it was not true.   The mother may have ratified the proceeding, if she did not authorize it, so far as she was concerned; but the children could show that she gave no authority for any petition or proceeding on their behalf, and that no ratification bound them.   It was not a proceeding by her to set aside the transaction for fraud or duress, but a denial by the children of the allegations of the plaintiff as to the history of how the order was obtained.

6.   The evidence of Mrs. Allen was objected to on the ground that she was an incompetent witness, W. D. Allen, J. L. Warren, and W. S. Wallace, the attorneys, who filed the petition for the order, being dead.   Mrs. Allen was not a party to the case, nor were the representatives of any of the three persons alleged to be dead.   It was agreed that the plaintiff had acquired the title which Lathrop & Co. originally had, "by deed or inheritance."   Whether she succeeded to Warren's interest as a transferee does not appear. The petition asked no relief against Mrs. Allen, nor made any claim as against the interest held by her.   It prayed relief only as to the remaindermen and their interests.   It is true that it was agreed that no point should be made as to non-joinder of parties; but this could only affect the parties before the court.   Under the circumstances there was no error in holding her a competent witness.

*Judgment reversed.   All the Justices concur, except Fish, C. J., absent.*