## MILLER et al. v. LUCKEY.

1. Where suit is brought against a minor, and he is not personally served, a plea in abatement setting up the want of personal service should be sustained.
2. Where the question of the amount of damages resulting from a trespass on property is a relevant issue, a witness, although not an expert, if he has knowledge of facts upon which to base his opinion, may give his opinion as to what was the market value of such property at the time of the alleged trespass, and its market value immediately thereafter.

Argued November 5, 1908.—Decided May 13, 1909.

Action of trespass. Before Judge Spence. Mitchell superior court. February 22, 1908.

R. J. Bacon, for plaintiffs in error. Pope & Bennet, contra.

HOLDEN, J. 1. The defendant in error, Luckey, brought suit against Miller & Larrimore as a copartnership, and against the individual members thereof, for damages alleged to have resulted from acts of trespass claimed to have been committed by the defendants in cutting and boxing, for turpentine purposes, certain trees on the lands of the plaintiff. Upon the trial of the case, a general verdict was rendered in favor of the plaintiff, and the defendants made a motion for a new trial, which was overruled. To the order of the court overruling the motion for a new trial the defendant Miller alone excepted; but by amendment in this court the partnership of Miller & Larrimore, and Larrimore as an individual, were made parties plaintiff with Miller in the bill of exceptions. Before pleading to the merits, Miller filed a special plea in abatement, alleging that he was a minor, 20 years of age, and that the service upon him, not being personal, was insufficient. Upon a hearing had upon this special plea, the court overruled the same, and Miller filed exceptions pendente lite, which were duly certified, and error on this ruling is assigned in the bill of exceptions. It appears from the recitals in the exceptions pendente lite that service was not had on Miller personally, and that "he was a member of the turpentine firm of Miller & Larrimore at that time, and doing business for himself as such member." We think the court committed error in overruling this plea in abatement. In order to perfect service on a minor over fourteen years of age in a suit against him, it is necessary, under the Civil Code, §4897, to serve such minor personally and appoint a guardian ad

litem for him. Under the provisions of this section, until personal service on him is made and a guardian ad litem appointed, he is no party to the suit. In this connection see *Welch* v. *Agar,* 84 *Ga.* 583, 586 (11 S. E. 149, 20 Am. St. R. 380) ; *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655) ; *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395) ; *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1041). If an infant by permission of his parent or guardian engages in any business as an adult and becomes bound for all contracts connected with such business, as provided in the Civil Code, §3650, this fact would not, while he was so engaged in business, dispense with the necessity of making service on him in the regular method provided for in suits against minors. The provisions of such section relate to liability for his contracts, and have no reference to the method of service upon him in a suit against him. Nor would the fact that "Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by this code for criminal offenses," as declared by the Civil Code, §3904, obviate the necessity for the usual service on minors. As stated in *Maryland Casualty Co.* v. *Lanham,* supra, on page 860, "This rule refers to the liability of an infant for his torts, and not to the proper manner of bringing suit against him therefor. So likewise the rule that the exemption of an infant generally from liability on his contracts is a personal privilege (Civil Code, §3649) does not affect the proper method of suing and serving an infant." The court committed error in refusing to sustain the plea in abatement.

2. It appears from one ground of the amendment to the motion for a new trial that a witness for the plaintiff, on direct examination, gave an estimate of the damages resulting from the alleged trespass, and immediately thereafter, on cross-examination, he said that it was impossible for him "to make any proper calculation on the market value before and after it [the timber] was cut," and that "the calculation was just my own judgment." We think the court should have sustained the motion of defendants to rule out this testimony. The opinion of a witness as to the value he places on property might be entirely different from his opinion as to its market value. Where a trespass is committed, resulting in the destruction of growing timber, the measure of

damages is the difference between the market value of the tract of land before the trespass and after such trespass. Where such timber is destroyed, and by reason thereof there is no depreciation in the market value of the land, the measure of damages is "the value of the timber destroyed in its then state as attached to the land on which it grew." *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266). Also see *Central R. &c. Co.* v. *Murray,* 93 *Ga.* 256 (20 S. E. 129), where it was held: "Timber injured by the fire, but not destroyed, is to be dealt with on the same basis, to the extent of the difference between its value as it was before the fire and as the fire left it."

There were other assignments of error relating to testimony delivered by witnesses in regard to their opinion of the amount of damage resulting from the alleged trespass. It is unnecessary to discuss or quote each of these assignments of error, some of which are quite lengthy. It will only be necessary to lay down the general rules of law relating to the subject-matters involved in the rulings of which complaint is made. The correct rule is laid down in the case of *Slaton* v. *Fowler,* 124 *Ga.* 955 (53 S. E. 567), where it was decided: "Where the value of the article is relevant, it may be shown by the opinion of witnesses, although they may not be experts, if they have knowledge of facts on which to predicate such opinion." If a witness, who is not an expert, does not have knowledge of facts on which to predicate an opinion as to the market value of property, he can not give such opinion; and before his opinion is elicited it should first be inquired whether or not he has knowledge of facts upon which to predicate it. A witness who is not an expert can not testify to what damages are committed by a trespass. If he has knowledge of facts upon which to predicate an opinion as to the market value of the property before and after the alleged trespass, he should be permitted to give such opinion, but the opinion thus given should not be simply the difference in the market value before and after the alleged trespass, without stating what such value was before, and what it was after, such alleged trespass. The opinion which he should be permitted to give is his opinion of the market value of the land before the alleged trespass and the market value of the land after such alleged trespass. *Woodward* v. *Gates,* 38 *Ga.* 205; *McCrary* v. *Pritchard,* 119 *Ga.* 876 (47 S. E. 341); *Foote* v.

*Malony,* 115 *Ga.* 985 (42 S. E. 413); *Armour* v. *Ross,* 110 *Ga.* 403, 412, 413 (35 S. E. 787); *Augusta* v. *Lombard,* 93 *Ga.* 284, · hn. 5 (20 S. E. 312); *Central R. & B. Co.* v. *Skellie,* 86 *Ga.* 686, 692, 693 (12 S. E. 1017); *Smith* v. *Eubanks,* 72 *Ga.* 280; *Central R. Co.* v. *Wolff,* 74 *Ga.* 664; *Brunswick &c. R. Co.* v. *McLaren,* 47 *Ga.* 546; *Slaton* v. *Fowler,* supra.

Another assignment of error related to the charge of the court upon the recovery of nominal damages. As stated in the case of *Pausch* v. *Guerrard,* 67 *Ga.* 319, "In an action of trespass, if the plaintiff makes out a case for recovery except the proving of actual damages, he will be entitled to nominal damages."

Another assignment of error complained of the charge of the court as giving an improper rule for the measure of damages. Considered, however, in the light of the the entire charge, we do not think the portion of the charge complained of was error requiring the grant of a new trial.

In other assignments of error complaint is made that the court, in propounding questions to the witnesses, impressed the jury with an incorrect rule for the measure of damages. In view of all the questions asked by the court, we do not think the conduct of the court was subject to such criticism, though it would have been better if the court had framed its questions differently.

*Judgment reversed. All the Justices concur.*