## BENTLEY v. BENTLEY.

1. An infant wife, of sufficient age to enter into a marriage contract under the statute of this State, may maintain an action to dissolve the marriage relation for any of the causes authorized by the laws of this State. She may also, pending such suit, maintain an action for alimony. It necessarily follows that such a case may proceed against the husband while he is still a minor, without the appointment of a guardian ad litem.
2. The trial judge did not abuse his discretion in awarding the wife temporary alimony and attorney's fees.

No. 1469. JANUARY 16, 1920.

Temporary alimony, etc.　Before Judge Summerall.　Coffee superior court.　May 26, 1919.

Mrs. Bentley brought suit for divorce and alimony. Service was made on the defendant personally. The parties consented to the fixing of a time for a hearing. When it came on, a motion made by the defendant to continue was overruled; and while the bill of exceptions contains an assignment of error based on this

action, it is expressly abandoned in the brief. No pleadings were filed by the defendant, but the evidence on the hearing developed the fact that he was only nineteen years old. His counsel thereupon moved the court to suspend the hearing and to appoint a guardian ad litem to represent the interests of the minor defendant. This motion was overruled, and an order was passed requiring the payment of temporary alimony and attorney's fees. Error is assigned upon the refusal of the court to suspend the hearing and appoint a guardian ad litem, and upon the order allowing alimony and attorney's fees, on the ground that the defendant was not properly before the court, and that it was impossible for him to be properly before the court without the appointment and qualification of a guardian ad litem and service of the suit upon him, as provided by the Civil Code, § 5565.

*McDonald & Willingham,* for plaintiff in error.

*Dickerson & Kelley,* contra.

HILL, J. (After stating the foregoing facts.) In this State, "to be able to contract marriage, a person must be of sound mind; if a male, at least seventeen years of age, and if a female, at least fourteen years," and laboring under none of the disabilities pointed out in the Civil Code, § 2391. See also §§ 3008, 4236. In *Besore* v. *Besore,* 49 *Ga.* 378, it was held that an infant married woman may maintain an action for a divorce; and the decision was based upon the ground that if the wife was of sufficient age under the statute to enter into a marriage contract, there was no good reason why she could not maintain an action in the courts to dissolve the marriage relation. It was said in the opinion that marriage contracts and settlements made by infants, who are of lawful age to marry, are as binding as if made by adults; citing § 2692 of the code then in force. It was further said that if such marriage contracts of infant females were binding upon them, they would be as competent to maintain an action to dissolve the marriage contract for any of the causes authorized by law as an adult married woman would be. See, in this connection, Civil Code (1910), § 5524; Hinkle v. Lovelace, 120 Am. St. R. 698, 706 (204 Mo. 208, 102 S. W. 1015, 11 L. R. A. (N. S.) 730, 11 Ann. Cas. 794). If this is so with respect to a minor plaintiff who brings an action to dissolve the marriage contract, it would seem that a minor defendant could be sued and defend such suit for

divorce or alimony without the necessity for a guardian ad litem being appointed under the Civil Code (1910), § 5565. If this were not so, the will of the guardian ad litem might be substituted for the will of the party defending a divorce or alimony suit. The defendant in such a suit is the only person who knows, or has the option of deciding, whether or not he desires to contest the divorce suit or to pay alimony and support his wife; and this should not be left to a guardian ad litem to decide, as it would be contrary to public policy to permit a third party to decide whether a divorce or alimony suit should be brought or defended. Section 5565 of the Civil Code merely prescribes how a guardian ad litem shall be served when there is a *necessity* for the appointment of one. In *Furr* v. *Burns,* 124 *Ga.* 742 (53 S. E. 201), it was said: "Section 4987 of the Civil Code merely declares the mode of service on minors, not when it is necessary." In addition to the above reasons, it appears in the present case that the defendant was personally served with a copy of the proceedings brought against him, and that in answer to the process served upon him he employed counsel who was present at the trial and moved for a continuance of the case, but such motion and the showing made in connection therewith did not come up to the requirements of the law in such cases, and was consequently overruled, and the exception to such ruling was expressly abandoned in the brief of the plaintiff in error. Counsel then moved that a guardian ad litem be appointed for the defendant, which motion was overruled; and after a hearing on the merits of the application for temporary alimony, the court awarded temporary alimony and attorney's fees. Under such circumstances we think that the judgment should not be reversed because a guardian ad litem was not appointed for the defendant. It would be illogical, at least, to say that a minor plaintiff can bring a suit for divorce and alimony in her own name, without the appointment of a next friend for that purpose, and yet hold that in order for the defendant in such case, who is also a minor nineteen years old, to defend such suit, a guardian ad litem should be appointed to represent him at the trial and file his answer, etc., whether he assents to it or not.

From what has been said, and on the authorities cited, we hold that the court did not err in overruling the motion to suspend

the hearing of the case until a guardian ad litem could be appointed to represent the minor defendant in the hearing; nor did the trial judge abuse his discretion in requiring the defendant to pay his wife the sum of thirty dollars per month as temporary alimony, together with the sum of fifty dollars as counsel fees.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., dissenting.*

GILBERT, J. The liability of a husband, although a minor, for the payment of alimony is not questioned. Minority cannot in itself affect in any way such liability, if the husband has attained the age of seventeen years, at which time he may lawfully contract marriage. The sole question is as to the proper manner of proceeding against him, and therefore, when the court acquires jurisdiction of his person, enabling it to render a valid judgment. Until he is legally in court as a party to a proceeding, the court has no authority to render a personal money judgment against him. The Civil Code, § 5565, provides the mode of service of "writs, petitions, citations, and other legal proceedings in the courts of this State on minors." In addition to personal service, the statute directs that "When the returns of such service are made to the proper court, and order taken to appoint said minor a guardian ad litem, and such guardian ad litem agrees to serve, all of which must be shown in the proceedings of the court, then said minor shall be considered a party to said proceedings." "Where there is a statutory or testamentary guardian or trustee representing the interest of the minor to be affected by a legal proceeding, service as usual on said guardian or trustee shall be sufficient to bind said minor's interest in their control to be affected by said proceedings." The statute, as it appears in the section just quoted, was enacted by the General Assembly in 1876, and amended in 1879. Prior to this legislation, service on the guardian ad litem was sufficient service on the minor. *Morehead* v. *Allen*, 127 *Ga.* 510 (56 S. E. 745). It will be observed that this statute is broad and comprehensive in its terms, and permits of no exception. *Maryland Casualty Co.* v. *Lanham*, 124 *Ga.* 859 (53 S. E. 395); *Douglas* v. *Johnson*, 130 *Ga.* 472 (60 S. E. 1041); *Peavy* v. *Dure*, 131 *Ga.* 115 (62 S. E. 47); *Miller* v. *Luckey*, 132 *Ga.* 581 (64 S. E. 658), the case last cited being a suit for necessaries where the infant had engaged in business by permission of his parent; Schouler's Domes-

tic Relations (5th ed.), §§ 451 et seq.; Nelson on Divorce & Separation, § 728; Field's Law of Infants, 153, § 162 et seq. The decisions in *Worthy* v. *Worthy*, 36 *Ga.* 45 (91 Am. D. 758), and *Besore* v. *Besore*, 49 *Ga.* 379, are not in conflict with the view just stated, because in those cases the minor litigants were plaintiffs, and for the additional reason that the cases were decided prior to the passage of the act of 1876 (§ 5565), supra. The distinction between the rights of plaintiff and defendant infants is shown in the early case of *Coalson* v. *Tooke*, 18 *Ga.* 742, 744. The plaintiff in that case, an infant, sought to avoid the force and effect of the judgment, on account of her minority. The court said: "Whether founded upon solid grounds or not, the distinction seems to be well established in the books, that while infant plaintiffs will be bound by decrees and judgments, infant defendants will not, unless the same are manifestly for their benefit, or unless a day is given them in court, after coming of age, to look into the proceeding." In the case of *Groce* v. *Field*, 13 *Ga.* 31, it was said: "The record discloses the fact that one of the defendants, Solomon Groce, was an infant when the decree was rendered against him. That an infant can be sued in equity, there is no doubt—upon the idea that he is in the hands then of his paramount guardian. Chancery, it is presumed, will do no harm to its peculiar beneficiary. The course seems to be to serve the infant even when there is a regularly appointed guardian. The infant cannot defend, nor can his guardian, but the court will appoint a guardian ad litem to defend for him. In this case the infant appears to have been served, but no guardian ad litem to have been appointed. Notwithstanding the court proceeded to decree against him. He was not before the court—he was without his day, and the decree was erroneous." In *Nicholson* v. *Wilborn*, 13 *Ga.* 467, 473, which was a suit to recover the amount of an account contracted before marriage by the wife, an infant, the defendant moved on the trial to dismiss the case, because the wife was an infant. The court overruled the motion, and permitted plaintiffs to take an order appointing a guardian ad litem for Mrs. Nicholson. The defendant excepted to this ruling. This court said that "it is laid down that when an infant feme covert is sued jointly with her husband, she must appear by guardian," after which it was ruled that the court did not err in making the appointment of a guardian ad litem and allowing the case to proceed.

In the case of *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380), the suit was against Mrs. Hoge, an infant married woman. Her husband was appointed guardian ad litem for her, but declined to accept the appointment. Bleckley, C. J., said: "The court should not have proceeded in spite of his declination, for the precise opposite is the spirit of our law. It contemplates an express acceptance in order to make an infant a party with perfect regularity."

The foregoing authorities are sufficient to demonstrate that a valid judgment in personam could not have been rendered against a minor without the appointment of a guardian ad litem, prior to the passage of the act of 1876, now found in the Civil Code, § 5565. If a doubt of this could have been entertained, the code section removes the doubt by legislative enactment, which requires a specific mode of service. The code section cannot in any way affect the rights of plaintiffs, though minors, to proceed in their own names. Indeed, where a proceeding is against a minor for whom a guardian ad litem is appointed, the proceeding is in the name of the minor, and the duty of the guardian ad litem is to manage and protect the interests of the minor. It should be observed, for a proper understanding of the principles involved, that the character of the judgment sought to be sustained is different from a decree of divorce. In alimony the judgment is in personam. It may be enforced by fieri facias. Civil Code (1910), § 2978; *Coulter* v. *Lumpkin,* 94 *Ga.* 225 (21 S. E. 461) ; *Raines* v. *Raines,* 138 *Ga.* 790 (76 S. E. 51). Divorce has been characterized as being a proceeding in rem. Upon that theory a decree based on constructive service is sustained. It is universally conceded that a valid judgment in personam cannot be obtained on constructive service. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). Such a judgment in personam is a lien upon all of the property of the defendant. A contract of marriage is different from all other contracts. This difference has long been recognized by the courts in England and in this country. Among the differences it is sufficient to point out that such contracts may be lawfully made by minors of certain ages, and that the parties who contract marriage cannot, at their will, dissolve it. In so far as that contract is concerned, an infant plaintiff has been permitted to institute a suit in her own name, without prochein ami, to set aside and dissolve a marriage

contract. The writer has been unable to find any authority for the theory that a court may render a valid judgment in personam against a minor defendant without the appointment of a guardian ad litem, more especially where the statute law of the State, as embodied in the Civil Code, § 5565, is plain and unambiguous, without providing any exception thereto, that a guardian ad litem must be appointed for the infant defendant. This rule may seem illogical, in view of the fact that infants may contract marriage, and it may prove inconvenient to litigants; but none of these things should weigh in a declaration of what the law on the subject actually is. Applying the principles above announced, the refusal of the court to appoint a guardian ad litem, and the rendition of a judgment for alimony against the minor, should be set aside.

Justice Atkinson authorizes the statement that he concurs in this dissent.