### HULEY *v.* HULEY.

Per Curiam. 1. A wife cannot maintain against her husband who is a minor, without a guardian ad litem, although of sufficient age to contract marriage under the statute, a proceeding under the Civil Code (1910), § 2986, providing for the allowance of alimony to the wife where she and her husband are living separate, or are bona fide in a state of separation, and where no suit for divorce is pending. *Groce* v. *Field*, 13 *Ga.* 24; *Nicholson* v. *Wilborn*, 13 *Ga.* 467; *Oliver* v. *McDuffie*, 28 *Ga.* 522; *Jack* v. *Davis*, 29 *Ga.* 219; *Hill* v. *Printup*, 48 *Ga.* 453; *Kilpatrick* v. *Strozier*, 67 *Ga.* 247; *Harvey* v. *Cubbedge*, 75 *Ga.* 792; *Welch* v. *Agar*, 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380); *Burnett* v. *Summerlin*, 110 *Ga.* 349 (35 S. E. 655); *Maryland Casualty Co.* v. *Lanham*, 124 *Ga.* 859 (53 S. E. 395); *Douglas* v. *Johnson*, 130 *Ga.* 472 (60 S. E. 1041); *Miller* v. *Luckey*, 132 *Ga.* 581 (64 S. E. 658); *Thomas* v. *Thomas*, 145 *Ga.* 111 (88 S. E. 584); *Spooner* v. *Spooner*, 148 *Ga.* 612 (97 S. E. 670); 22 Cyc. 627, 633, 634; 14 R. C. L. 49, 52, 54.

2. " An action for or against an infant should be prosecuted or defended

in their own name, and they should in all cases appear by guardian." *Nicholson* v. *Wilborn, Oliver* v. *McDuffie, Jack* v. *Davis, Thomas* v. *Thomas, Spooner* v. *Spooner, supra.* See dissenting opinion by two Justices in *Bentley* v. *Bentley,* 149 *Ga.* 707 (102 S. E. 21, 17 A. L. R. 896). In *Besore* v. *Besore,* 49 *Ga.* 378, it was held that an infant married woman who is of statutory marriageable age may maintain an action for divorce; and in *Bentley* v. *Bentley, supra,* it was held that a suit for divorce could be maintained against an infant husband who was of statutory marriageable age. If these decisions are irreconcilable with those formerly made in the cases above cited, then the older cases must prevail.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

No. 2769. SEPTEMBER 30, 1922.

Temporary alimony, etc. Before Judge Highsmith. Glynn superior court. July 26, 1921.

*Frank H. Harris,* for plaintiff in error.

*Robert W. Durden* and *Henry O. Farr,* contra.

BECK, P. J. Considering the relation of the parties, the rights of the wife in the property of the husband upon separation or the granting of a divorce, and the responsibilities which the law permits minors to assume in contracting marriage, and the status which the parties have when such relationship is established, this proceeding could be maintained against the husband without the appointment of a guardian ad litem. I do not think that the cases cited by the majority of the court are controlling.

HILL, J. I also dissent from the decision of the majority, for the following reasons: In addition to what the writer said in the case of *Bentley* v. *Bentley,* 149 *Ga.* 707 (supra), as to a suit for divorce being maintainable against a minor without a guardian ad litem being appointed. The general rule it that a minor can not contract. Civil Code (1910), § 4232. But the statute makes an exception to this rule in the case of a minor contracting marriage and making "settlements." The Civil Code (1910), § 4236, provides: "Marriage contracts and settlement made by infants, but of lawful age to marry, are binding as if made by adults." This statute authorizes not only marriages but "settlements" as if made by adults. In contracting marriage minors stand upon the same footing as adults; and the cases of *Besore* and *Bentley* are predicated upon that fact — that the general rule does not apply as to minors bringing or defending divorce suits. In such cases they are in law sui juris; and that being

so, no guardian ad litem is required. Suppose a guardian ad litem should be appointed for the defendant minor, and the guardian should favor a divorce and the minor defendant should oppose it on perfectly legal grounds, it would leave the case in an anomalous condition. The policy of the law is against granting divorces, and in favor of marriages. But in the illustration given above, if the guardian should favor a divorce and the minor defendant should oppose, which policy would prevail? The policy of the law should be to let the infant minor directly interested, and having the authority of adults under the statute, control the matter; and if the minor interested could control, what is the need for a guardian? If the policy of the law is to allow the minor to contract marriage and make "settlements," that same policy would allow the minor to have the contract set aside upon legal grounds, and not have a guardian ad litem decide the matter for the minor who is able to contract under the statute. The reason, therefore, for the appointment of a guardian ceasing, the law itself ceases. Furthermore, the Civil Code (1910), § 2974, provides that " in divorce cases proceeding ex parte, it is the duty of the judge to see that the grounds are legal and sustained by proof, or to appoint the solicitor-general, or some other attorney of the court, to discharge that duty for him." And see § 2967. A guardian ad litem could, and probably would, do no more than this. The reason, therefore, for the appointment of a guardian ad litem having ceased, the need for the appointment of one does not exist. The fact that the act of 1876 (Acts 1876, p. 103), as amended by the act of 1879 (Acts 1878-9, p. 140), embodied in the Civil Code of 1910, § 5565, providing for the appointment of guardians ad litem, was passed after the decision in the *Besore* case, supra, does not require the ruling contended for. There is nothing in the act of 1876, or that of 1879, to indicate that it was remedial or passed by the legislature to meet the decision in *Besore* v. *Besore,* decided in 1873.