*J. D. Blalock* and *Wilson, Bennett & Pedrick,* for defendants.

## CARROLL *v.* CARROLL.

No. 8172.. JULY 18, 1931. REHEARING DENIED SEPTEMBER 18, 1931.

*Davis & Friedin,* for plaintiff in error. *Jule Felton,* contra.

BECK, P. J., and HILL, J. We favor the judgment of affirmance in this case, as we adhere to the ruling made in the case of *Bentley* v. *Bentley,* 149 *Ga.* 707 (102 S. E. 21, 17 A. L. R. 896), to the following effect. "An infant wife, of sufficient age to enter into a marriage contract under the statute of this State, may maintain an action to dissolve the marriage relation for any of the causes authorized by the laws of this State. She may also, pending such suit, maintain an action for alimony."

HINES, J. I am in favor of affirming the judgment of the court below, upon the ground that the appointment of a guardian ad litem for an infant plaintiff is for the purpose of aiding such plaintiff in conducting the litigation successfully. In this case the plaintiff recovered a judgment; and while it would have been better practice to appoint such guardian ad litem, and would have been erroneous to refuse it if the plaintiff or any one in her behalf had applied to have such guardian appointed, the failure of the court to appoint such guardian is not such error as requires the grant of a new trial in order to enable the plaintiff to recover another judgment in her favor.

RUSSELL, C. J., and ATKINSON and GILBERT, JJ. We favor reversal of the judgment on authority of *Huley* v. *Huley,* 154 *Ga.* 321 (114 S. E. 184), as follows: "A wife can not maintain against her husband who is a minor, without a guardian ad litem, although of sufficient age to contract marriage under the statute, a proceeding under the Civil Code (1910), § 2986, providing for the allowance of alimony to the wife where she and her husband are living separate, or are bona fide in a state of separation, and where no suit for divorce is pending. *Groce* v. *Field,* 13 *Ga.* 24; *Nicholson* v. *Wilborn,* 13 *Ga.* 467; *Oliver* v. *McDuffie,* 28 *Ga.* 552; *Jack* v. *Davis,* 29 *Ga.* 219; *Hill* v. *Printup,* 48 *Ga.* 453; *Kilpatrick* v. *Strozier,* 67 *Ga.* 247; *Harvey* v. *Cubbedge,* 75 *Ga.* 792; *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380); *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655); *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395); *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1041); *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658); *Thomas* v. *Thomas,* 145 *Ga.* 111 (88 S. E. 584); *Spooner*

v. *Spooner,* 148 *Ga.* 612 (97 S. E. 670) ; 22 Cyc. 627, 633, 634; 14 R. C. L. 49, 52, 54. An action for or against an infant should be prosecuted or defended in their own name, and they should in all cases appear by guardian. *Nicholson* v. *Wilborn, Oliver* v. *McDuffie, Jack* v. *Davis, Thomas* v. *Thomas, Spooner* v. *Spooner,* supra. See dissenting opinion by two Justices in *Benlley* v. *Bentley,* 149 *Ga.* 707 (102 S. E. 21, 17 A. L. R. 896). In *Besore* v. *Besore,* 49 *Ga.* 378, it was held that an infant married woman who is of statutory marriageable age may maintain an action for divorce; and in *Bentley* v. *Bentley,* supra, it was held that a suit for divorce could be maintained against an infant husband who was of statutory marriageable age. If these decisions are irreconcilable with those formerly made in the cases above cited, then the older cases must prevail."