## Herr v. Humphrey, Judge.

(Decided March 8, 1935.)

HARDIN H. HERR for petitioner.

CHURCHILL HUMPHREY for respondent.

OPINION BY CHIEF JUSTICE CLAY—Denying writ of prohibition.

This is an original proceeding for a writ of prohibition. The facts pleaded are: The petitioner, Hardin H. Herr, is a practicing attorney of the Jefferson county bar. The respondent is judge of the Jefferson circuit court, chancery branch, first division. On December 4, 1934, Doris Renau, an infant about 20 years of age, instituted an action of divorce against her husband, E. H. Renau, an infant about 19 years of age. The action is pending in that branch of the Jefferson circuit court over which the respondent presides. On January 22, 1935, Doris Renau, the plaintiff in the divorce action, made a motion before the respondent for the appointment of a guardian ad litem to represent the defendant in the action. Though having jurisdiction of the divorce proceeding, the respondent was without authority to appoint a guardian ad litem for the infant defendant. Notwithstanding his want of jurisdiction and authority, respondent appointed the petitioner guardian ad litem for the infant defendant in the divorce action. The petitioner filed a response stating that the respondent had no power or authority to appoint a guardian ad litem for the defendant in the divorce proceedings, and further that there was no necessity for such appointment. Thereupon the respondent held the report insufficient, and issued a rule against the petitioner to show cause why he should not be punished for contempt of court in failing to file a report. The respondent then held the response to the rule insufficient, and adjudged petitioner in contempt of court, and imposed on him a fine of $30. A writ of prohibition is asked on the ground of irreparable injury and inadequacy of relief by appeal or otherwise. The sufficiency of the petition is challenged by demurrer.

It is conceded that a writ of prohibition should go if the circuit court was without authority to appoint a guardian ad litem for the defendant husband, who is an infant over 16 years of age, and we shall proceed to a consideration of that question.

272

With his characteristic energy and ability the petitioner has filed a well-prepared and comprehensive brief covering every phase of the question. It appears that there is a wide difference of opinion on the subject. Some of the courts hold that an infant above the legal age of consent may maintain or defend an action to dissolve the marriage without the appointment of a guardian ad litem. Besore v. Besore, 49 Ga. 378; Delpit v. Young, 51 La. Ann. 923, 924, 25 So. 547; Jones v. Jones, 18 Me. 308, 36 Am. Dec. 723; Bentley v. Bentley, 149 Ga. 707, 102 S. E. 21, 17 A. L. R. 896. These courts proceed on the theory that because a minor is legally competent to contract marriage, he or she can dispense with adult representation in actions to dissolve the contract. On the other hand, some courts hold that a. wife under 21 years of age has no standing to prosecute an action for divorce without the appointment of a competent person to act in the capacity of a guardian ad litem. Wood v. Wood, 2 Paige (N. Y.) 108; Anderson v. Anderson, 164 App. Div. 812, 150 N. Y. S. 359; Ohlweiler v. Ohlweiler, 72 Pa. Super. 518. In one jurisdiction the court has changed its mind several times. Besore v. Besore, supra; Bentley v. Bentley, supra. Huley v. Huley, 154 Ga. 321, 114 S. E. 184. It is unnecessary to determine which of these views is correct according to the common law, for the right of infants to sue and be sued in this state is controlled by sections 35 and 36, Civil Code of Practice, reading as follows:

"Section 35. *Excepting married women—*

"1. Action by person under disability. The action of a person who is under disability must be brought by his guardian, curator, or committee, if he have one residing in this State, unless it be against his guardian, curator, or committee; or unless said guardian, curator, or committee refuse to sue, in which case he must be made a defendant.

"2. Adult prisoner. The action of an adult, who is imprisoned in or out of this State, and who has no curator residing herein, or his action against his curator, may be brought by him, or, with his consent, by his next friend.

"3. Resident infant or person of unsound mind. The action of an infant, or of a person of unsound mind, who resides in this State, and who has no.

guardian, curator, or committee residing herein, or whose guardian, curator, or committee refuses to sue, or his action against his guardian, curator, or committee, may be brought by his next friend.

"4. Non-resident infant or person of unsound mind. The action of an infant, or of a person of unsound mind, who resides in a foreign country, and who has a guardian, curator, or committee residing therein, may be brought by such guardian, curator, or committee, or by his next friend.

"Section 36. *Excepting married women, if a defendant, who is under disability and who is summoned in this State, have a defense—*

"1. Infant or person of unsound mind. That of an infant or person of unsound mind must be made by his guardian or committee, or by a guardian ad litem.

"2. Adult prisoner. That of an adult prisoner in this or any other State must be made by his curator or by an attorney employed by him, or by a guardian ad litem.

"3. Defense for before judgment against; practice. No judgment shall be rendered against an infant—other than a feme covert—nor against a person of unsound mind, who is summoned in this State, until the regular guardian, or committee, or guardian ad litem of such defendant shall have made defense, or have filed a report, stating that, after a careful examination of the case, he is unable to make defense. His report, that he cannot make a defense, must be filed on or before the day for making defense, unless for cause shown, the court extend the time; and failure to file such report, as required hereby, or by the court, shall be punished as a contempt."

It will be observed that married women are excepted from the provisions of section 35, Civ. Code of Prac., supra, and for this reason we held that an action of an infant married woman for divorce and alimony need not be brought by guardian or next friend, but may be maintained by her in her own name. Snedager v. Kincaid, 60 S. W. 522, 22 Ky. Law Rep. 1347. Coming to section 36, Civil Code Prac., supra, we find that except-

274

ing married women the defense of an infant summoned in this state must be made by his guardian or guardian ad litem, and that no judgment can be rendered against an infant other than a feme covert until the regular guardian or guardian ad litem of such defendant shall have made defense, or have filed a report stating that after careful examination of the case he is unable to make defense. It is suggested that there is no reason for distinction between male infants and female infants, and that the Code provisions should be construed according to their spirit and not their letter. It is difficult to perceive why an infant married woman, whose husband is also an infant, should be put on a different plane from that of an infant married man. But, however that may be, it must not be overlooked that the Legislature saw proper to except only married women from the Code provisions requiring the appointment of a guardian ad litem, and where that is done by clear and unambiguous language it is not the province of the courts to introduce other exceptions by construction. Hawley Coal Co. v. Bruce, 252 Ky. 455, 67 S. W. (2d) 703. As the respondent had the power to appoint the petitioner guardian ad litem and require him to make a report, it follows that the petitioner was guilty of technical contempt in refusing to file a report, and is not entitled to a writ of prohibition.

Wherefore, the writ of prohibition is denied.